## MICHAELSON *v.* SIMULA.

1. MOTOR VEHICLES—GUEST PASSENGER—CAUSE OF ACTION—PLEAD-
ING.

   In action for personal injuries received in automobile accident,
   declaration alleging that plaintiff was being conveyed as
   guest stated no cause of action, where it failed to allege that
   accident was caused by gross neglect or wilful and wanton
   misconduct of defendant (1 Comp. Laws 1929, § 4648).

2. SAME—INSURANCE—PASSENGER FOR HIRE.

   Where insurance policy provided that it did not cover automo-
   bile while it was being used for carrying passengers for
   "consideration actual or implied or rented or leased," in-
   surer was not liable for injury to "passenger and guest
   paying for transportation."

3. ESTOPPEL—GARNISHMENT—INSURANCE—MOTOR VEHICLES.

   Passenger recovering judgment against automobile driver on
   theory that she was paying for her transportation at time she
   was injured is estopped from recovering in ancillary garnish-
   ment proceeding on insurance policy which expressly excludes
   from its terms damages arising while carrying passengers for
   consideration.

Appeal from Ontonagon; Driscoll (George O.), J. Submitted March 29, 1933. (Docket No. 170, Calendar No. 36,712.) Decided October 2, 1933.

Garnishment proceedings by Ida Michaelson against Michael Simula, principal defendant, and Preferred Automobile Insurance Company, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Reversed, and judgment ordered entered for garnishee defendant.

*Edward F. LeGendre* (*Louis A. Keary,* of counsel), for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.* (*Harry E. Rodgers,* of counsel), for garnishee defendant.

Fead, J.   Defendant Simula and plaintiff live in northern Michigan and are brother and sister. They desired to attend the funeral of a relative in the city of Detroit.  Simula had an automobile, and plaintiff proposed that he drive to Detroit and she would pay for the gasoline, his meals, and the repairs, if any, for the car.  The offer was accepted, and they started on the trip, and had not proceeded far when the automobile went into a ditch at a turn in the road and plaintiff was injured.

In the declaration, first filed, plaintiff alleged that she "was being conveyed as a guest," and the accident occurred by reason of defendant's negligence. That declaration stated no case because it failed to allege that the accident was "caused by the gross negligence or wilful and wanton misconduct" of defendant. 1 Comp. Laws 1929, § 4648.  In an amended declaration plaintiff alleged that she "was being conveyed as a passenger for hire."  That declaration, as pointed out later, released defendant insurance company from liability to the principal defendant.   In still another amendment she alleged that she was a "passenger and guest paying for her transportation."

Plaintiff tried the case on the theory she was a passenger for hire, and the court submitted it to the jury on an issue of ordinary negligence on the part of defendant, and plaintiff had judgment for $1,000 damages.  Upon the judgment plaintiff sued out a

writ of garnishment against defendant company, the insurance carrier for her brother. The insurance company filed a disclosure of no indebtedness, and demanded trial of the issue thereon. The court tried the issue, and found the insurance company liable. The insurance company prosecutes this appeal, claiming that, if plaintiff was a guest, the statute barred recovery unless the driver of the car was charged with and was guilty of wanton or wilful misconduct, and, if plaintiff was a passenger for hire or paying for her transportation, the policy of insurance expressly relieved the insurance company from liability.

The insurance policy required the company to defend any suit brought against the assured to enforce a claim, whether groundless or not, and to pay any judgment not in excess of the limit of liability mentioned in the policy, but provided:

"This policy does not cover while the automobile herein described is being used for carrying passengers for a consideration actual or implied or rented or leased. (Incidental purchase of gasoline by a passenger is permitted.)"

Under her declaration as amended, plaintiff recovered a judgment against her brother on the ground that she was a "passenger and guest paying for her transportation." Such relationship was within the exception of the policy.

But plaintiff now claims that in fact she was not a passenger for hire. Whether plaintiff was a gratuitous passenger or one for hire is not here for determination. Having prevailed in the principal suit on the theory that she was "paying for her transportation," she estopped herself from now recovering in an ancillary garnishment proceeding on the insur-

ance policy which expressly excludes from its terms damages arising while "carrying passengers for a consideration." *Chatham-Trenary Land Co.* v. *Swigart*, 245 Mich. 430; *Hassberger* v. *General Builders' Supply Co.*, 213 Mich. 489.

The judgment against the insurance company is reversed, with costs to appellant, and the cause remanded to the circuit court with direction to enter judgment for defendant insurance company.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.