BEALS v. CENTRAL MUTUAL AUTO INS. CO.

1. INSURANCE—AUTOMOBILES—INTOXICATING LIQUORS.
   Nonliability provision of automobile insurance policy applicable when driver is under influence of intoxicating liquor is assumed to be valid in action against insurer by administratrix of estate of insured whose chauffeur had injured people in an automobile accident.

2. SAME—ESTOPPEL OF INSURER—DISCLAIMER.
   Insurer under automobile insurance policy who is obligated to defend under terms of policy and who, with knowledge or means of ascertaining facts which, if established, will relieve it from liability at suit of insured, undertakes and prosecutes defense without giving reasonable notice of disclaimer is estopped, but if insured, after notice of the conditional disclaimer, makes no objection to continuance of defense by insurer, no estoppel may be based thereon.

3. SAME—FAILURE OF INSURER TO MAKE TIMELY DISCLAIMER.
   In action by insured's administratrix against insurer under automobile insurance policy, latter *held*, estopped to deny liability where it did not give notice of conditional disclaimer under policy until over four years after it had had sole defense of

the claim and then made it to administratrix through her attorneys a few days before trial resulting in judgment for injured parties.

4. EXECUTORS AND ADMINISTRATORS—INSURANCE.

Administratrix of estate stands in place of her decedent insured with respect to enforcement of insurer's liability under automobile insurance policy and requiring it to meet its responsibilities to those having claims against the estate arising out of automobile accident.

5. JUDGMENT—PAYMENT TO CLERK OF COURT.

Judgments in the circuit court may be paid and satisfied by payment of same to the clerk of the court (3 Comp. Laws 1929, § 13686).

6. INSURANCE—JUDGMENT—PAYMENT INTO COURT—DISCHARGE.

Whether or not money, paid to clerk of court by insurer under automobile insurance policy pursuant to judgment obtained against insured by injured parties, is paid directly to administratrix of insured's estate, who is under statutory duty to collect assets of estate or to injured parties is of no concern to defendant insurer since it is discharged from liability upon payment of money into court (3 Comp. Laws 1929, §§ 13686, 15589).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 11, 1934. (Docket No. 19, Calendar No. 37,857.) Decided December 10, 1934.

Assumpsit by Estelle M. Beals, administratrix of the estate of Edward Snell, deceased, against Central Mutual Auto Insurance Company, a Michigan corporation, on an automobile insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Addison D. Connor,* for plaintiff.

*E. Dean Alexander,* for defendant.

Edward M. Sharpe, J.    Prior to February 18, 1928, Edward Snell had a policy of insurance with the defendant company, paragraphs B and H of which read as follows:

"Notice of Loss.

"B.    Upon the occurrence of an accident or loss under this policy the assured shall give immediate written notice thereof with full information obtainable at the time, to the company at its home office. Failure to so notify the company shall relieve the company of all liability hereunder.    If a claim is made against the assured on account of an accident, the assured shall give like notice thereof with full particulars.    If thereafter any suit is brought against the assured to enforce such claim for damages, the assured shall immediately notify the company at its home office if served with summons or other process, and the company will defend such suit whether groundless or not; the expense incurred by the company in defending such suit, including court costs and interest accruing after the entry of judgment will be borne by the company within the limits of liability expressed in the policy.

"Exclusions.

"H.    It is specially understood and agreed that the company shall not be liable for damage to freight carried upon the automobile insured in this policy or while the same is being operated by any person under the influence of, or engaged in the transportation of intoxicating liquors; or by any person other than the assured, assured's servants, employees, agents, and members of assured's immediate family of lawful age and duly licensed, according to law."

And on that date one Joe Thomas, a chauffeur of Snell, struck a car occupied by May and Alice Ketcham resulting in personal injuries to the Ketchams.    Shortly after this accident Snell was killed in

an aeroplane accident and his mother, plaintiff herein, was appointed administratrix of his estate. Later the Ketchams filed claims against the administratrix of the Snell estate for damages for such injuries and testimony was taken July 10, 1930, and October 4, 1930. Awards were entered for said claims which were appealed to the circuit court. At the hearing before the commissioners on claims there was some evidence given by Alice Ketcham to, the effect that Joe Thomas was intoxicated at the time of the collision. The insurance company undertook the defense of the claim before the commissioners on claims and continued throughout until the first trial in the circuit court on April 13, 1932, when the cause was declared a mistrial. In the meantime Pelton & McGee, attorneys-at-law of Pontiac, Michigan, in the county where the estate was being probated, acted for the administratrix of the estate whenever called upon to give advice or draw legal papers.

On May 7, 1932, the insurance company notified Mr. Pelton of the firm of Pelton & McGee, by telephone, to the effect that if intoxication was proven there would be no coverage. At no time did the insurance company notify the administratrix of the estate personally that they denied liability. The cause was tried again on May 12, 1932, with the insurance company representing the estate and resulted in a verdict for plaintiff.

The record also discloses that the administratrix of the estate consulted the insurance company before and after the hearing before the commissioners on claims and was given some assurance that the company would take care of the claim.

The defendant company, first, contends that there was no waiver of the provisions as stated in clause H

of the policy and, second, that such an action as was instituted by the plaintiff in the instant case may not be maintained directly by the estate of an insured against an insurer for the amount of the judgment recovered by a third party.

In the discussion of this case we may assume that provision H of the policy which limits coverage when the automobile is being operated by any person under the influence of intoxicating liquors is a valid provision. See *Ross* v. *Michigan Mutual Auto Ins. Co.*, 224 Mich. 263; and the next question is, has the plaintiff established a waiver by the defendant of its defense under the policy of insurance? We think the true rule is stated in *Fidelity & Casualty Co. of N. Y.* v. *Board of County Road Com'rs of Schoolcroft County*, 267 Mich. 193, where this court said:

"It seems to be well settled also that when an insurer, although obligated to defend under the terms of its policy, with knowledge of or means of ascertaining facts which, if established, will relieve it from liability at the suit of the insured, undertakes and prosecutes the defense, without giving reasonable notice to the insured that it does not consider itself liable to it under the policy, it is estopped to deny its liability. But if notice be given that in the event of certain facts being established it will disclaim liability and the insured, after such notice, makes no objection to its further defense of the action or proceeding, no estoppel can be based thereon."

The defendant claims that this case is governed by *Kidd* v. *Minnesota Atlantic Transit Co.*, 261 Mich. 31, wherein the court said:

"An insurer which denies its liability under the provision of its policy under consideration, before

judgment, and while the insured has sufficient time to protect its interest at the trial of the cause by providing its own counsel, or otherwise, is not estopped, in an action against it on the policy, to plead this provision as a defense in an action upon the policy, although it may have assumed the defense of an action against the employer by an employee.''

But in the case at bar, the insurance company assumed the defense before the commissioners on claims with sufficient knowledge of the claim of intoxication as a possible defense. This was in July, 1930. They continued to assume the defense on appeal through a trial that was declared a mistrial. This was in April, 1932. The first noncoverage notice was May 7, 1932, just a few days before the second trial and no such notice was personally given to the insured. We think that after assuming liability under the insurance policy for more than four years, during which time the assured was not allowed to direct her defense, that the notice finally given to the assured through attorneys Pelton & McGee did not give them sufficient time to protect her interests, and the insurance company is now estopped from insisting upon the breach of the policy on the part of the insured.

The record does not disclose that the estate has paid the two Ketcham judgments or that the estate has assigned its claim to the Ketchams, and we may assume that neither has been done. This is a direct proceeding by the insured to determine the liability of the insurance company and to collect the loss or liability created as a result of the accident as of February 18, 1928. In *Exo v. Detroit Automobile Inter-Insurance Exchange,* 259 Mich. 578, the insured assigned their rights under the policy to the

plaintiffs (the injured parties) in the original case and this court permitted the plaintiffs to recover directly in an action against the insurer. The court also held, in that case, that on the death of the automobile owner the administrator of his estate stood in his place, and had a right to demand that the insurer meet its responsibilities to those having claims against the estate arising out of the accident.

Our statute (3 Comp. Laws 1929, § 13686) also provides that judgments in the circuit court may be paid and satisfied by payment of the same to the clerk of the court, whether or not the amount so paid is paid directly to the administratrix of the estate and plaintiff herein or paid to the injured parties is of no concern to the defendant. It is discharged thereby. Moreover, the provisions of our probate law provide for the collection in the hands of the administrator or executor of all the assets of the decedent (3 Comp. Laws 1929, § 15589). *Foreman Brothers Banking Co.* v. *Handy,* 229 Mich. 635, 641. In fact it is one of his duties to so do.

Judgment affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.