Manzo Follins, Plaintiff, v. Liberty Mutual Insurance Company et al., Defendants.*

Supreme Court, Special Term, New York County, December 14, 1942.

*John P. Smith* for defendants.

*Abraham S. Robinson* for plaintiff.

Bernstein, J. The plaintiff in this action seeks a judgment declaring that a certain policy of insurance heretofore issued by the defendants to cover his liability for accidents arising out of the operation of his automobile had not been effectively cancelled by them and was in full force on November 11, 1942, when the automobile was involved in an accident which resulted in injury to several persons. The basis of the plaintiff's claim, as it appears from the complaint, is that the defendants never notified him of a cancellation of the policy, as by its terms provided, prior to the date of the accident, and that they accepted premiums from him after that date with full knowledge of the accident. Following the accident, as it further appears from the complaint, suits for negligence were instituted against the plaintiff by the injured persons, and the defendants, under their disclaimer, declined to defend those suits.

---

* Affd. 266 App. Div. 660.

The defendants now move to implead those injured persons as defendants in this action, pursuant to the provisions of section 193, subdivision 1, of the Civil Practice Act. It is their contention that they are entitled to their presence by reason of the fact that, in the event those persons recover judgments against the plaintiff in their pending suits and fail to collect, they will be permitted, under section 167 of the Insurance Law, to proceed against the defendants derivatively.

There is no warrant for the granting of the relief sought. The instant action concerns itself singularly and exclusively with the contractual rights and obligations of the parties. It has nothing to do with the issues of negligence, freedom from contributory negligence, or damages involved in the negligence suits. To fuse those issues — separate, distinct and unrelated, and governed by different rules — with the issue presented here would not only confuse and complicate this action, but would prove prejudicial to the defendants themselves upon a trial. Moreover, the defendants' liability to the persons sought to be impleaded is at best doubtful and conjectural. There is no present dispute between them and there may never be any, for those persons may fail in their suits or be satisfied by the plaintiff before or after judgment, and be left with no claim of any kind against the defendants. (Cf. *Kromback* v. *Killian*, 215 App. Div. 19.) On the whole, it is evident that a complete determination of the controversy here can be had without the presence of those parties. Motion denied.