**AUTOMOBILE UNDERWRITERS, Inc. v. JOINER et al.**

Civil Action No. 6389.

District Court, W. D. Pennsylvania.

March 16, 1948.

502

George Y. Meyer, of Pittsburgh, Pa., and Caldwell, Fox & Stoner, of Harrisburg, for plaintiff.

Dalzell, McFall, Pringle & Bredin, of Pittsburgh, Pa., for J. N. Joiner and Pennsylvania R. Co.

Robert Van der Voort, of Pittsburgh, Pa., and Lipsius & Lipsius, of Philadelphia, Pa., for Howard Moncrief.

GIBSON, District Judge.

The plaintiff has filed a suit for a declaratory judgment, wherein it prays the court to declare (1) that none of the defendants are entitled to recover from the plaintiff, and (2) that each of defendants be restrained from instituting any action against plaintiff for recovery of any amount under a policy of insurance set forth in the complaint.

The policy was issued to one of the defendants, J. A. Joiner, and by it the plaintiff agreed to pay on behalf of the assured all sums which the assured might become obligated to pay for damages sustained by any person or persons arising out of the ownership, maintenance or use of the automobile described in the policy. To the policy to Joiner was attached a paper headed "Contingent Liability of Co-Assured Endorsement," dated the same day as the policy to Joiner. By the endorsement the following appeared: "It is agreed that the insurance afforded by Coverages A and B of the policy to which this endorsement is attached, shall be extended to cover the contingent liability of Pennsylvania Rail Road Co. as a co-assured."

The defendants, J. N. Joiner and Pennsylvania Railroad Company, have joined in a single motion to dismiss the action as to them because the statement of claim fails to state a cause of action upon which relief may be granted. The defendant, Moncrief, has answered, denying any controversy between the plaintiff and himself.

The only allegation in respect to any controversy existing between the plaintiff and any of the defendants is found in the 11th and 14th paragraphs of the complaint. In the 11th paragraph it is asserted that Howard Moncrief was injured while riding with J. N. Joiner in the automobile mentioned in the policy, when said automobile was involved in an accident; and in the 14th paragraph it is alleged that demand was made upon plaintiff by counsel for Howard Moncrief that it "make adjustment of the claim for bodily injuries suffered by the said Howard Moncrief." These allegations present no controversy between plaintiff and either the assured or the contingent assured in the insurance policy. As the situation then existed, Moncrief was merely "butting in."

Upon hearing of the motion to dismiss, and in part by Moncrief's answer, it appears that prior to the filing of the instant complaint an action had been instituted in the Eastern District of Pennsylvania by Howard Moncrief, as plaintiff, against the Erie Railroad Company, the Pennsylvania Railroad Company and J. N. Joiner, as defendants. The basis for the action was the accident mentioned in the instant complaint. A judgment against the plaintiff, or one against the Erie Railroad but in favor of the other defendants, would leave the plaintiff without any claim against it. If the verdict were that the accident resulted in whole or in part from the negligence of the defendant Joiner, that defendant would have a proper claim against the present plaintiff. Kaifer v. Georgia Casualty Company, 9 Cir., 67 F.2d 309; Ginder v. Harleysville Mutual Casualty Company, D.C., 49 F.Supp. 745.

The court, finding that no present controversy exists between the plaintiff and defendants, and that a legal claim against plaintiff may exist in the future, will, in the exercise of its discretion, dismiss the present action because the complaint fails to state a cause of action upon which relief may be granted.