INDEMNITY INS. CO. OF NORTH AMERICA v. KELLAS et al.

Civ. A. No. 7402.

United States District Court
D. Massachusetts.

June 18, 1948.

James P. Moriarty, of Springfield, Mass., for plaintiff.

Harvey & Mulcare and Nathaniel M. Harvey, all of Springfield, Mass., for defendant Willys-Overland Motors, Inc.

Cohen, Bernkoff, Grauman & Goodman and A. H. Grauman, all of Boston, Mass., for defendants Ednamarie Kellas and Ruth Kellas.

WYZANSKI, District Judge.

This case is before me on a motion to dismiss filed by defendants Ednamarie and Ruth Kellas.

A Pennsylvania insurance company filed a complaint under the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, and named as defendants an Ohio manufacturer and three Massachusetts citizens, Ednamarie, Ruth and Junior Kellas. The essence of the case is that the plaintiff insurance company is suing both its beneficiary (the manufacturer) and third parties for a declaration that an automobile accident involving the third parties and now at issue in a state court proceeding is not covered by the company's policy and that the company is under no duty to defend a third party in the state court action or to pay the damages flowing from the accident.

As appears from the complaint, the Pennsylvania insurance company issued a conventional automobile liability insurance policy to an Ohio manufacturer. The company agreed to defend the *named* insured

even against groundless suits. It also agreed conditionally to pay on behalf of *"the insured"* as that term is defined in the policy all sums which the insured shall become obligated to pay by reason of the liability imposed upon it by law and arising out of the ownership, maintenance or use of any automobile. The policy defined "the insured" as including not only the named insured but also any person using the named insured's car "with the permission of the named insured." And the condition of the company's agreement to pay any "insured" person's liability was that in the event of an accident "written notice shall be given by or on behalf of the insured to the company" and that "the insured shall co-operate with the company."

June 19, 1947 Junior while operating one of the manufacturer's cars was in an automobile accident in which Ednamarie and Ruth claim they were injured through his negligence. They brought an action in the Connecticut Superior Court against the manufacturer and Junior. Therein they alleged that Junior was operating the manufacturer's car with its permission.

The insurance company alleges that Junior was operating without the manufacturer's consent and that therefore he was not an insured; and that if he was an insured, he failed to give notice of the accident and he "by refusing to give" the insurance company "a signed statement of facts concerning said accident and by refusing to furnish any other information or assistance in the preparation of the defense in his behalf" "has not cooperated with" the insurance company.

Further the complaint alleges that Junior, Ednamarie and Ruth claim that the insurer is liable for any judgments rendered in Connecticut against either Junior or the manufacturer. It then asserts that if Ednamarie and Ruth secure judgments against Junior, "it will inevitably follow that they will proceed to obtain satisfaction thereof by this * * * insurer, on the ground that * * * Junior was an 'insured' within the terms of said policy." And the complaint avers that if judgments in favor of Ednamarie and Ruth are rendered in Connecticut they "may institute

actions against" the insurer "for the purpose of subjecting said policy to the payment of their judgments, which actions would not be removable to the United States District Court, and there might, therefore, be two actions pending in different courts seeking to determine the liability of this plaintiff and the construction of this policy."

On the basis of these allegations the complaint seeks a declaratory judgment declaring that at the time of the accident Junior was not operating the automobile with the consent, permission or knowledge of the manufacturer, that Junior has failed to give the stipulated notice and cooperation, and is, therefore, not entitled to indemnity and protection, that the insurance company is under no duty to defend Junior or to assume any liability for the acts of Junior, and that the policy does not cover the damages which resulted from the collision.

Defendants Ednamarie and Ruth move to dismiss the complaint on the alternative grounds that this Court lacks jurisdiction and that in its discretion this Court should not exercise jurisdiction.

 The first ground cannot be maintained in view of Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. There suit under the Declaratory Judgments Act was instituted in the federal district court by an insurance company which had issued a conventional liability policy to cover liabilities for injuries caused by automobiles "hired by the insured." One defendant was the named insured whose views, so far as appears, did not differ from those of the insurer. [See Maryland Casualty Co. v. Pacific Coal & Oil Co., 6 Cir., 111 F.2d 214, 215, last paragraph.] Another defendant was the driver of an automobile which at least had belonged if it did not still belong to the insured. The remaining defendants were those who had been injured by the driver and who were prosecuting actions in state courts against the named insured on the theory that the driver was acting for the named insured. The insurance company sought a declaration against all the defendants to the effect that the driv-

er was driving a car which at the time of the accident was not hired by the insured but had been sold to the driver by the insured on a conditional sales contract. Jurisdiction to issue a declaratory judgment was upheld. Cf. Connecticut Indemnity Co. v. Lee, 1 Cir., 168 P.2d 420. In short the fact that the named insured and the insurer agree that their policy does not cover a particular driver does not automatically defeat a federal district court's jurisdiction to determine coverage of the policy in a case where third parties are concerned. Its only effect is to require the federal court to align both the insurer and the named beneficiary as plaintiffs in determining' whether all 'the plaintiffs are citizens of states other than the states of which any of the defendants are citizens and in concluding whether there is diversity jurisdiction. American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478; State Farm Mut. Auto. Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 300, 301, 132 A.L.R. 188.

Though this Court has jurisdiction of the controversy, there remains the question whether the Court should in its discretion decline to hear the controversy. It is settled that a federal court may under certain circumstances decline as a matter of discretion to hear a suit for a declaratory judgment. Brillhart v. Excess Insurance Co., 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 86 L.Ed. 1620. But it has been held that this discretion is abused if 'the sole ground for withholding federal declaratory relief is that there is pending in a state court a prior action which does not raise all the issues raised in the federal suit. Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443, 446; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514, 515, 516.

Obedient to the rule laid down in these last two cases, I must first inquire whether the Connecticut case will dispose of all the issues which are raised in the present federal declaratory judgment case. I am persuaded that the answer is in the affirmative.

In the Connecticut case Ednamarie and Ruth claim that Junior was driving with the authority of the manufacturer, Junior was negligent, and his negligence caused damage to them. An analysis will reveal that that Connecticut case cannot be adjudicated without putting to repose the issue whether Junior was the manufacturer's agent and whether the insurance company must pay damages.

In the Connecticut case four results are possible in connection with each of the claims made by Ednamarie and Ruth. Either plaintiff may: (1) lose her case against both Junior and the manufacturer; (2) win a verdict from the manufacturer but not Junior, (3) win a verdict from Junior but not the manufacturer, or (4) win her case against both the manufacturer and Junior.

If the first alternative occurs there will be no liability to be paid by the insurance company and the issues raised in this Court will be moot.

If the second alternative occurs there will be liability on the part of the insurance company on two alternative grounds. The first ground is that the insurance company has contracted to pay any judgment against the named beneficiary. Restatement, Judgments, § 111. See comment (b). Another ground is that, as appears from the papers filed in the Connecticut Court and introduced before me as an exhibit, the insurance company is participating in the Connecticut litigation and will be privy to that court's determination of the question whether Junior was the manufacturer's agent. Restatement, Judgments, § 84. See illustrations 15 and 17.

If the third alternative occurs, there will be in the verdict for the manufacturer an implicit finding that Junior was not the authorized agent of the manufacturer. Indeed the finding may by special verdict be made explicit. This finding whether implicit or explicit will estop Junior, Ednamarie and Ruth from claiming that the insurance company must pay the judgment. Restatement, Judgments, § 84. See comment d.

If the fourth alternative occurs, there will be liability on the part of the insurance company on account of the judgment against the manufacturer. The reasons

are the same as in the first supposititious case. There may not be liability on the part of the insurance company on account of the judgment against Junior, if he failed to give notice and cooperation to the insurance company. But this is of no practical consequence. For in this fourth supposititious case the manufacturer and Junior would be joint tortfeasors liable severally as well as jointly for the whole amount of the judgment.

But it may be urged that this analysis merely goes to show that the Connecticut case will determine the issues whether Junior was the manufacturer's agent and whether the insurance company must pay the damages, if any, recovered in Connecticut, and it will not decide or at least will not decide sufficiently promptly the issue whether the insurance company is bound to defend that action.

So far as concerns a defense of the manufacturer the answer is easy. The insurance company's policy binds it to defend the manufacturer which is the named insured even against groundless suits. Moreover, the insurance company's complaint in this Court does not suggest that it is unwilling to undertake that obligation or that there is any controversy with respect to that obligation.

The answer is almost equally easy with respect to the defense of Junior. The insurance company's complaint in this Court suggests merely that Junior claims that the company must pay judgments against him, not that the company must defend him. And this seems to be no mere slip of pleading for both in this Court and in the Connecticut court Junior, without invoking the insurance company's aid, appears content to let judgment go against him by default. Moreover, the plaintiff's complaint in this Court incorporates the policy itself. That policy clearly does not impose any obligation to defend any person other than the named insured—for the unusually broad definition of the term "insured" given in Article IV of the policy does not apply to Article III which deals with the insurance company's duty to defend suits.

Having shown that every issue raised in this Court will be disposed of by the Connecticut trial, I am free to consider whether this Court should in its discretion decline jurisdiction on the ground of that prior state proceeding. I answer that question affirmatively for these reasons:

1. The state court proceeding began first and, so far as appears, is likely to come to a conclusion first. In any event I cannot restrain Ednamarie and Ruth from proceeding to a rapid conclusion in the state court. 28 U.S.C.A. § 2283. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274, 61 S.Ct. 510, 85 L. Ed. 826.

2. The issue of Junior's authority to drive the manufacturer's car is governed not by federal but by state law. It is the type of question with which state courts are peculiarly familiar. Cf. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 86 L.Ed. 1620.

3. If I should hear this declaratory judgment suit and decide the issue of agency for the defendants Junior, Ednamarie and Ruth, there would have to be a second trial in the Connecticut Court on all the other issues of liability and all the issues of damages. Many of the same witnesses would be required in both cases and much of the same testimony would have to be repeated.

4. If I should hear this declaratory judgment suit and decide the issue of agency for the plaintiff insurance company and the defendant manufacturer, there would be a theoretical possibility that there would still be a trial in the Connecticut Court in which Ednamarie and Ruth sought recovery from Junior. However, this is such a remote possibility in view of the family relationship that I give this factor almost no weight.

5. If in the Connecticut case Ednamarie and Ruth should secure judgment against the manufacturer they could collect the judgment from it—since as was admitted at the bar, that manufacturer is a highly solvent concern. Thus the injured persons have no necessary conflict with the insurance company. From their point of view they would be put to the time and expense of two suits merely because a manufacturer has chosen for his and not their convenience to take out insurance.

6. The course followed by the insurance company designedly or accidentally operates so as to give insured defendants in automobile cases a chance to divide their defenses so as to get two trials where one grew before, and thus to secure two opportunities to beat the plaintiffs whereas the plaintiffs can only come out ahead if they win their cases before two courts. This seems to me a consideration which must be weighed against—though it ought not inevitably and always to prevail against—the insurance company's desire to avoid the expense of a long trial of a claim believed by it to be groundless. Cf. Borchard, Declaratory Judgments (2d ed.) pp. 674, 675.

7. To sustain this type of litigation is to transfer to the federal courts a segment of a state case which could not have been removed in its entirety to a federal court. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334. It thus affects the delicate balance between state and federal courts, swells the federal courts' diversity jurisdiction business to an extent not universally desired, and threatens the continued support by the bench and bar of the generally beneficent Federal Declaratory Judgments Act. Indemnity Ins. Co., of North America v. Schriefer, 4 Cir., 142 F. 2d 851, 853; American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478, 480.

Since the complaint is to be dismissed as a matter of discretion it should be dismissed not only against the moving defendants but against all defendants.

I should add that I have assumed that in considering whether or not to issue a declaratory judgment in this type of local controversy, I ought to follow federal not local state standards as guides to my discretion. If I am mistaken and if since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the federal court should follow the local state court standards for the issuance of declaratory judgments as some judges have followed local principles in dealing with the problem of *forum non conveniens* [Weiss v. Routh, 2 Cir., 149 F.2d 193, 195, 159 A. L.R. 658] I should, nonetheless, reach a result unfavorable to plaintiff in view of Merchants Mutual Casualty Co. v. Leone, 298 Mass. 96, 9 N.E.2d 552.

Complaint dismissed.