Argued January 12, reargued June 28, affirmed November 2,
petition for rehearing denied December 12, 1956

# HALE *v.* FIREMAN'S FUND INSURANCE COMPANY ET AL

### 302 P. 2d 1010

*Hugh B. Collins,* Medford, argued the cause for

appellant. With him on the brief were Paul W. Haviland, Medford, and J. Everett Barr, Yreka, California.

*Robert B. Duncan* argued the cause for respondents. On the brief were McAllister, Duncan & Brophy, Medford.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and PERRY, Justices (on reargument).

ROSSMAN, J.

This is an appeal by the plaintiff, Harrison Hale, from a judgment of the circuit court which was entered in favor of the defendants after the court had sustained a demurrer to the complaint and the plaintiff had declined to amend. The demurrer charged that the complaint failed to state a cause of action. The proceeding was instituted under ORS 28.010 through 28.160, which, apart from two amendments, is the Uniform Declaratory Judgments Act. Our Act's departure from the Uniform Act occurs in §§ 2 and 11 of the Uniform Act, both of which were amended by Oregon Laws 1933, chapter 14. The defendants are Fireman's Fund Insurance Company and Fireman's Fund Indemnity Company.

The plaintiff submits the following as his assignment of error:

"The Court erred in sustaining respondents' demurrer to appellant's complaint."

According to the complaint, the plaintiff was injured within a year of December 28, 1952, by an automobile "owned and operated" by three individuals by the name of Smith. December 28, 1952, he filed an action against the Smiths but has not brought it to trial. After he filed that action he instituted the

one before us, which avers that the two defendant insurance companies, within a year prior to December 28, 1952, issued to the Smiths a policy of liability insurance which required the insurers to pay any judgment recovered against the Smiths on account of their operation of the car. The plaintiff says that he "is informed and believes and therefore alleges" that the Smiths will be unable to pay any part of any judgment which he may recover against them. The plaintiff seeks in this proceeding a declaration as to whether or not the defendant insurance companies will be required to pay such judgment, if any, which he may recover.

So far as we can determine, this is the first case that has come before an appellate court in which an injured person, who holds no judgment against the purported tort feasor, has sought declaratory relief from the insurer. Due to that fact we again resort to the complaint. It alleges: (1) the plaintiff was injured by the Smiths' automobile; (2) the plaintiff sued the Smiths, and his complaint in that case charged them with "having negligently operated their said automobile"; (3) prior to the plaintiff's injury, the defendant insurance companies, for a valuable consideration, insured the Smiths against liability arising out of the operation of their car; (4) after the plaintiff instituted his action, the insurance companies were notified thereof; (5) the policy issued by the defendants provides that if the Smiths should become insolvent, that fact would not terminate the policy's obligation; (6) according to the plaintiff's belief, the Smiths will be unable to pay the judgment, if any, which he may recover; (7) the insurance companies "contend" that they are not obliged to pay any

judgment which the plaintiff may win, and he "contends" otherwise.

■ It is seen from the foregoing that the plaintiff has recovered no judgment against the Smiths. His pleading in this case does not allege that they were negligent in the operation of their car, but states that his complaint in the personal injury action alleges that his injury was caused by the Smiths "having negligently operated" their car. The complaint in this case is not accompanied with a copy of the pleading which ushered in the tort case and it does not aver that that pleading states a cause of action. So far as is disclosed, the plaintiff may be seeking recovery in the tort action of a sum scarcely larger than nominal damages. The complaint in this proceeding does not attach to itself a copy of the policy of liability insurance, and the plaintiff does not aver that he is unfamiliar with its provisions or has been unable to obtain a copy. Although it is alleged that the defendant insurance companies "contend" that they are not obliged to pay any judgment which the plaintiff may recover, it is not stated that their contention is unjustified. If the plaintiff is unacquainted with the reasons for the defendants' contentions, he does not so state and does not allege that he made inquiries in an effort to discover them. Although in oral argument plaintiff's counsel declared that his client seeks a declaratory judgment, so that he may prosecute his personal injury action with confidence that the judgment will be paid, the complaint makes no intimation to that effect. It does not reveal the reasons why it was filed or indicate the manner in which declaratory relief will serve the ends of justice. Likewise, the complaint does not state that a grant of the relief which is sought will terminate any controversy;

nor does it allege that the plaintiff will not prosecute his personal injury action if the declaratory action fails to yield a result satisfactory to him. Therefore, if (a) the demurrer had been overruled, (b) the declaratory judgment suit had gone to trial, and (c) a decree had been entered that the insurance companies were not required to pay any judgment which might eventually be entered against the Smiths, the plaintiff would have been at liberty to have proceeded with his personal injury action and take chances upon recovering something eventually from the Smiths, if he succeeded in winning a judgment against them. In that manner we would have "two trials where one grew before." The quoted words were taken from *Indemnity Insurance Company of North America v. Kellas,* 80 F Supp 497. We also observe that the complaint does not disclose whether the policy of insurance was written in this state, where ORS 736.320 requires such policies to include an insolvency clause, or in some other state which has no corresponding legislation. Since the complaint does not allege that the policy was written elsewhere, the law of Oregon governs. *Prudential Insurance Company of America v. Shumaker,* 178 Md 189, 12 A2d 618. Accordingly, the liability, if any, is statutory, not contractual.

We now face the problem of whether the averments above reviewed submit a justiciable controversy which is ripe for judicial pronouncement. A controversy, to be justiciable, must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 US 270, 61 SCt 510, 85 L Ed 826. In *Drake v. City of Portland,* 172 Or 558, 143 P2d 213, we employed the principle that courts generally decline to pronounce a declaration

in a suit wherein the rights of the plaintiff are contingent upon the happening of some event which cannot be forecast and which may never take place. Although we doubt whether the complaint, with its deficiencies and questionable use of the word "contend" (*Georgia Marble Co. v. Tucker*, 202 Ga 390, 43 SE2d 245; *Ayers v. General Hospital, Inc.*, 67 Ida 430, 182 P2d 958), meets the formal requirements of a complaint in this type of action, we shall not pause upon those matters.

We have mentioned *Indemnity Insurance Company of North America v. Kellas*. We now turn to that case when it reached the United States Circuit Court of Appeals, 173 F2d 120. That court, as well as the lower, carefully resolved the issue which this case presents. Before quoting we will identify the parties to it and explain the manner in which the issue arose. In that case, the plaintiff was the insurer, the insured was Willys-Overland Motors, Inc., the operator of the injury-inflicting automobile was Junior, and two individuals by the names of Ruth and Ednamarie were the tort-claimants. Following the accident the tort-claimants instituted a damage action in a Connecticut court, naming as defendants Junior and the Willys-Overland Company. After the defendants in that case had filed their answers, the insurance company, as plaintiff, instituted in the United States District Court the declaratory judgment action under review. It named as defendants the Willys-Overland Company, Junior, Ruth, Ednamarie and another individual whose identity is immaterial to present purposes. It prayed for a declaration that (a) Junior was not operating the car with the permission of Willys-Overland, (b) Junior had violated provisions of the policy of insur-

ance which demanded cooperation with the insurer, (c) the insurance company was not required to defend Junior in the tort case, (d) the insurance company was not required to assume liability for the acts of Junior, and (e) the damages resulting from the collision were not covered by the policy. After all had submitted answers, it appeared that there existed no controversy, unless the remote possibility that Ruth and Ednamarie, in the event that they won judgment in the tort action, might seek payment from the insurance company constituted a controversy. At that point, Ruth and Ednamarie moved to dismiss the complaint (in the declaratory case) because, according to them, the court lacked jurisdiction over the subject matter and the complaint failed to state a claim upon which relief could be granted. The United States District Court [Judge Wyzanski] sustained the motion. We have cited the decision. The United State Court of Appeals, in affirming, said:

"Is there enough of an 'actual controversy' between the insurance company and the tort-claimants Ruth and Ednamarie to sustain the jurisdiction of the federal court on that basis alone? The tort-claimants have alleged in their action for damages that Junior was the authorized agent of Willys-Overland, operating the automobile with Willys-Overland's consent and permission. If these facts are eventually established in the state court action, and if the tort-claimants prove their allegations of negligence, overcome the special defenses set up, and obtain judgments against Junior and Willys-Overland, then it may be that some time in the future Ruth and Ednamarie will make a claim against the insurance company to satisfy their judgments. Even this is speculative, because if the tort-claimants get a judgment against Willys-Overland they will probably be able to obtain satisfaction of the judgment without recourse to the insurance company,

since Willys-Overland is amply solvent, as is conceded. The most that can be said is that, as between the insurance company and the tort-claimants, there now exist the makings of a potential controversy in the future.

"To test the point, take a simple case: A, the named insured in an automobile liability policy, runs into and injures B. B sues A for damages in a state court, alleging negligence. There is no controversy between A and the insurer as to coverage, nor as to the insurer's contractual obligation to defend; it is admitted, in other words, that the tort liability which B is asserting is one for which the insurer has agreed to indemnify A, and that the insurer is obligated to defend such suits on behalf of A, the insured. The insurer files a complaint under the Federal Declaratory Judgment Act against A and B, seeking a judgment declaring that A was not negligent in causing the accident and therefore that A was under no tort liability for which the insurer had agreed to indemnify A. Assuming diversity of citizenship as between the insurer and B, and assuming further that diversity of citizenship is not removed by realigning A as a party-plaintiff (as would have to be done, State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 1940, 115 F.2d 298, 132 A.L.R. 188), would the federal court have jurisdiction of the complaint for a declaratory judgment? It would seem not, for lack of an 'actual controversy' between the insurance company and B, it not being enough that there is the possibility of a future controversy between them in certain contingencies. And certainly no court would give a declaratory judgment in such a case even if it had jurisdiction.

"Where an insured is being sued by a tort-claimant, and there is a genuine controversy between the insurer and the insured as to whether the tort liability thus being asserted is of a type covered by the contract of indemnity, and whether therefore the insurer is under an immediate con-

tractual obligation to defend the suit on behalf of the insured, it has been held that a federal court may entertain a complaint by the insurer for a declaratory judgment, naming the insured and the tort-claimant as defendants. Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Casualty Co. v. United Corp., 1 Cir., 1940, 111 F.2d 443. But this is not to say that there was a controversy between the insurer and the tort-claimant of 'sufficient immediacy' so that the court would, on the basis of that controversy alone, have jurisdiction to give a declaratory judgment. Perhaps it would be more accurate to base the jurisdiction of the court, in this type of case, on the actual and immediate controversy between the insurer and the insured, the tort-claimant being joined as a necessary and proper party in order that the court may be enabled to give more complete relief. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 1938, 101 F.2d 514, 515; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 1937, 91 F.2d 607, 609. See State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 1940, 115 F.2d 298, 302, 132 A.L.R. 188. * * *

"All in all, if the district court had technical jurisdiction to give a declaratory judgment upon the present complaint, it must be said that the 'actual controversy' between the plaintiff insurer and the defendants is just about the most anemic sort of controversy that might be imagined as satisfying the minimum requirements of jurisdiction. The district court gave the plaintiff the benefit of the doubt as to the existence of jurisdiction, and dismissed the complaint as a matter of discretion. Since we are clearly of opinion that the judgment of the district court dismissing the complaint must be affirmed, even considering it as a matter of discretion, we need not decide the point as to jurisdiction."

■ We think that the reasoning just quoted is unanswerable. It shows that the purported rights upon

which the plaintiff depends are too remote and contingent to be appropriate for declaratory relief.

It will be noticed that the decision just reviewed took note of *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 US 270, 61 S Ct 510, 85 L Ed 826, and construed its holding to be that no actual controversy existed in that case between the insurer and the tort-claimant, but that the latter could be deemed a proper party defendant in the declaratory action which the insurer had filed against the insured. We have read carefully the Maryland Casualty Company case and believe that it was properly construed in the Indemnity Insurance Company case. It does not authorize a conclusion that a controversy exists between Hale, the plaintiff in the case at bar, and the defendant insurance companies.

The Indemnity Insurance Company decision does not stand alone. We will now take note of seven decisions which reached like results in analogous cases.

*Automobile Underwriters v. Joiner,* 76 F Supp 501, was a case in which the insurer sought a declaration that neither the insured nor the party injured in an automobile collision with him were entitled to recover from it, and sought to restrain them from bringing any action under the policy. The complaint was dismissed. At the time of the pleadings, the injured party had asked the insurer for an adjustment of his claim. The court held that that action did not give rise to a controversy between insurer and insured since the injured party was "merely 'butting in'." At the time of the hearing on the motion to dismiss, it appeared that, prior to insurer's complaint in this action, the injured party had instituted an action against the insured. Despite that fact the court held that the com-

plaint failed to state a cause of action because "no present controversy exists between the plaintiff and defendants."

In *Follins v. Liberty Mutual Insurance Co.*, 179 Misc 489, 39 NYS2d 241, aff'd 41 NYS2d 209, 266 App Div 660, assured sought a declaratory judgment that a policy of insurance was in force at the time of an accident in which assured was involved. Insurer moved to implead parties who had instituted suits for negligence against assured which insurer had refused to defend. The court denied the motion, reasoning, first, that this action dealt solely with the contractual obligations of the parties and that insurer's liability to those it sought to implead

> "is at best doubtful and conjectural. There is no present dispute between them, and there may never be any, for those persons may fail in their suits or be satisfied by the plaintiff before or after judgment, and be left with no claim of any kind against the defendants."

*Merchants Mutual Casualty Co. v. Leone*, 298 Mass 96, 9 NE2d 552, considered a suit for declaratory relief instituted by insurer against insured and tort-claimants. The court reversed an order which sustained a demurrer to the complaint, but affirmed the decree dismissing the bill. It held that between the insurer and the tort-claimants there was

> "only a contingent future possibility of dispute. The discretion of the court is usually exercised wisely by confining the operation of the rule to disputes already ripened."

*State Farm Mutual Automobile Insurance Co. v. Wise*, 277 Mich 643, 270 NW 165, reversed a declaratory decree that insurer was not liable under the policy. The tort-claimant had been joined as a party defend-

ant in the action which was filed after he brought his damage action against insured. The court held that whatever defense insured "may have under the terms of the policy may be raised after judgment (if any) is obtained against" insured.

*Wolverine Mutual Motor Insurance Co. v. Clark,* 277 Mich 633, 270 NW 167, held that the lower court erred in not dismissing a proceeding for declaratory relief brought by insurer against insured and the injured party. The court said:

"Also, no certainly final judgment which would be res adjudicata of the rights of the parties, 87 A.L.R. 1213, can be rendered. The most the court could do would be to enter a prophetic judgment, i.e., that plaintiff will or will not be liable to Clark and Schaffner if Schaffner obtains judgment against Clark. Even such a judgment would be contingent because necessarily it would be based upon the existing state of facts, whereas plaintiff's liability does not accrue until the future uncertain event of judgment for Schaffner against Clark, and as to Schaffner until service of his writ of garnishment. Zabonick v. Ralston, 272 Mich. 247, 261 N.W. 316, and, in the meantime, the liability situation could be changed by reason of estoppel. Kipkey v. Casualty Ass'n., 255 Mich. 408, 238 N.W. 239; Peters v. Sturmer, 263 Mich. 494, 248 N.W. 875; Beals v. Central Mutual Auto Ins. Co., 269 Mich. 477, 257 N.W. 868; Michaelson v. Simula, 264 Mich. 457, 250 N.W. 264. Judgments whose force may be affected by future events will not be declared. 87 A.L.R. 1215.

"Other reasons suggest themselves for denial of jurisdiction in the discretion of the court, but they need not be discussed.

"We hold that plaintiff may not maintain the proceeding in equity because its claim is legal, that the proceeding will not lie in either law or equity

because plaintiff has an adequate remedy of defense in the regular law actions to which it may be subjected, and because no final judgment may be rendered.''

In *Pennsylvania Manufacturers' Assn. Casualty Ins. Co. v. Mack,* 41 Pa D & C 629, the court refused to give insurer declaratory relief against insured and the injured party. Insurer claimed it was not liable because insured had failed to cooperate under the terms of the policy. The court, however, said:

"Since the litigation in Philadelphia County (the negligence action) may or may not end in establishing any liability upon the insured, and even in the event judgment for plaintiff should be obtained any legitimate defense could be raised by petitioner in a suit upon its contract of insurance, there are no antagonistic claims between petitioner and defendants which indicate immediate and inevitable litigation.''

In addition to ruling that it had no jurisdiction, the court said:

"Further we may add that this ruling is supported by the factual situation inasmuch as the petition for a declaratory judgment does not set forth the facts warranting a declaration that the company has no liability to Florence G. Mack (insured).''

In *United States Fidelity & Guaranty Co. v. Savoy Grill, Inc.,* 51 Ohio App 504, 1 NE2d 946, one Matthew Wiseman, administrator of the estate of Arthur Huebschman, deceased, filed a personal injury action against Savoy Grill, Inc., and George J. Renner Property Company. The former was the lessee and the latter the lessor of some premises in which Huebschman lost his life. The complaint charged negligent maintenance of the premises. Upon being served, Savoy

Grill, Inc., forwarded the summons to United States Fidelity & Guaranty Company, its insurer, and demanded that it defend the action. At that juncture the insurance company instituted the declaratory judgment suit under review. It made as defendants, not only Savoy Grill and the Renner Company, but also Wiseman. In the insurance company's complaint, according to the decision under review, "facts were alleged which said insurance company claimed justified a finding that said insurance company was not obligated to pay any loss or expense on account of claims or suits arising because of the death of said decedent." A demurrer was filed to the complaint which challenged its sufficiency as a cause for declaratory relief. The demurrer was sustained and the insurance company appealed. In affirming the order sustaining the demurrer, the appellate court said:

> "Moreover, so far as Wiseman is concerned, he has no present controversy with the applicant for the declaratory judgment, and his having such controversy in the future depends upon an event which may never happen—he may not be successful in obtaining a judgment against Savoy Grill, Inc., in his pending action; and regardless of that contingency, he is not now and never will be interested in the controversy between Savoy Grill, Inc., and the insurance company as to whether the insurance company is bound by its contract to defend the action which he (Wiseman) has brought against Savoy Grill, Inc. Here again it is the established rule that a declaration will not be made as to future rights in anticipation of an event which may never happen, and in our Declaratory Judgments Law, we find no evidence of an intention on the part of the Legislature to change or modify that rule. On the contrary, such rule is recognized in the provision with reference to a declaration which would not terminate the uncertainty or controversy, and

the fully established interpretation of the law which requires the existence of an actual, rather than a probable or possible, controversy."

We shall resort to the authorities no further. We know of none which ruled that a tort-claimant, who holds no judgment, may obtain declaratory relief from the insurer. In *Post v. Metropolitan Casualty Insurance Co.*, 227 App Div 156, 237 NYS 64, cited by the plaintiff-appellant, one of the plaintiffs had reduced his claim to judgment and another was the receiver of the insolvent assured. A receiver is entitled to advice from the court which appointed him.

It must be apparent that the rights which the plaintiff says he possesses against the two defendant insurance companies are contingent. He may never win a judgment in the tort action. The defendant insurance companies are not required to do anything concerning the plaintiff until a judgment is entered in his favor against the Smiths and remains unsatisfied for thirty days. The situation does not reveal a controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The quoted words are taken from *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, supra.

The authorities above reviewed demand that, under the circumstances averred in the complaint, we must hold that the pleading submits no actual controversy. The circuit court properly sustained the demurrer to the complaint.

Judgment affirmed.

WARNER, C. J., dissents.