## HOFFMAN v. PROFESSIONAL UNDERWRITERS.

1. INSURANCE—INDEMNITY—CONSTRUCTION OF POLICY.

   Where insurer assumed control of action against insured for injuries caused by alleged negligent use of electrical permanent waving machine under its policy requiring insured to give insurer immediate notice of any act which might lead to claim or suit against insured, and providing that insurer would defend any such suit, policy is construed to be one of insurance rather than indemnity, although terms "indemnitor" and "indemnitee" are used rather than "insurer" and "insured."

2. SAME—ESTOPPEL.

   Insurer, by defending action against insured for alleged negligence of operator of electrical machine, placed its own construction on policy that it covered particular operator, and is bound thereby, notwithstanding its claim that it was not advised of excess number of employees until trial, and also that policy provides that it does not cover employee for whom regular annual premium charge has not been paid.

3. GARNISHMENT—INSURANCE.

   Where record discloses liability of insurer to insured, insurer is liable to amount thereof in garnishment proceeding brought by judgment creditor of insured.

Appeal from Wayne; Rathbun (George A.), J., presiding. Submitted June 16, 1932. (Docket No. 100, Calendar No. 36,592.) Decided September 16, 1932.

Garnishment proceedings by Eleanor Hoffman against Professional Underwriters, a Michigan reciprocal insurance company, garnishee defendant. From judgment for plaintiff, garnishee defendant appeals. Affirmed.

*Louis Starfield Cohane* and *Regene Freund Cohane,* for plaintiff.

*Rodgers & Dunn* and *Douglas, Barbour, Desenberg & Schaeffer,* for garnishee defendant.

NORTH, J. This is an appeal from a judgment rendered against a garnishee defendant. May 22, 1929, plaintiff had judgment in the main suit for $2,800 damages caused by the negligent use of defendant's electrical permanent waving machine. The judgment has not been paid. Defendants filed notice of appeal within 20 days after judgment and a stay of proceedings for that period was entered. No bond was filed, and for that reason the stay of proceedings was not continued beyond the 20 days. Subsequently a writ of garnishment was served on appellant. It made a disclosure of no liability. Plaintiff made a motion for summary judgment, also for judgment upon the garnishment disclosure. From the circuit judge's denial of summary judgment, plaintiff appealed. There was affirmance in this court. *Hoffman* v. *Professional Underwriters,* 256 Mich. 622. After being remanded to the circuit court plaintiff filed and served a *præcipe* for trial of the garnishment issue, and the parties by stipulation agreed upon a day of trial. Judgment for $1,500 was entered against the garnishee defendant, and this appeal followed.

Appellant's liability as garnishee defendant depends primarily upon appellee's claim that the principal defendants were insured by appellant. But the latter insists that its contract with the defendants was one of indemnity, not of insurance. The policy provides that for a valuable consideration the "indemnitor" (garnishee defendant) agrees with the principal defendants as follows:

"1. To indemnify indemnitee against loss resulting from claims and suits for civil damages arising hereunder alleging damages sustained by any person or persons from error or mistake and based upon services rendered by indemnitee, or any employee of indemnitee, while engaged in the regular conduct of said business. * * *

"3. To indemnify indemnitee against loss from liability imposed by law upon indemnitee for damages on account of the use and application of all approved electrical appliances regularly employed in said business. * * *

"5. To defend indemnitee with its (indemnitor's) attorneys in all suits for civil damages brought against indemnitee arising out of the conduct of the business above described.

"*Subject to the following conditions.*

"E. Indemnitee agrees not to compromise or attempt to compromise or handle any claim or suit, or contract any expense without the written authority of indemnitor.

"F. Indemnitee agrees to attend and assist in the defense or settlement of any claim or suit without expense to the indemnitor, and that in case of judgment against indemnitee said indemnitee shall perfect an appeal to such higher court or courts as indemnitor may request, by said indemnitee providing bond and said indemnitor paying reasonable costs thereof."

Liability was limited to $1,500 in any one claim or suit. The policy requires the "indemnitee" to give immediate notice to "indemnitor" of any event or act which may lead to a claim or suit being brought against indemnitee. It does not contain a "no action clause." Appellant's attorneys assumed and conducted the defense in the principal case. Consideration of the terms of the policy and the evident purpose for which it was given clearly brings the

conclusion that it must be held to be a policy of insurance under our decision in *Kipkey* v. *Casualty Ass'n of America*, 255 Mich. 408.

It is further urged by appellant that its policy does not cover the particular claim upon which plaintiff recovered judgment, and therefore it cannot be held in garnishment. This contention is based upon the fact that the premium of the policy was computed on the basis of defendants having only five permanent wave operators. At the time of the injury to plaintiff defendants had a larger number of employees, but only five were operating permanent wave machines of the type which caused plaintiff's injuries. Entirely aside from that circumstance, the policy does not specify the particular five operators covered by the policy; and by taking charge of the defense in the principal case appellant has placed its own construction on this policy as covering the particular employee, Mr. Simmel, whose negligence caused plaintiff's injuries. We think appellant is bound by such construction notwithstanding its claim that it was not advised of the excess number of employees until the trial of the principal case, and also notwithstanding the policy provides that it does not cover an employee for whom the regular annual premium charge has not been paid.

The other contentions made by appellant are, (1) that at the time of garnishment the judgment in the principal case had not become final and therefore would not support the garnishee proceedings; (2) that appellee was not entitled to trial of the garnishment issue because she did not technically comply with the statute (3 Comp. Laws 1929, § 14867) requiring demand of trial of the garnishment issue within 10 days after disclosure; and (3) that the record does not contain evidence fixing the amount

of garnishee defendant's liability.   None of these are meritorious.   The record discloses liability on the part of the garnishee defendant to the extent of $1,500, and the judgment rendered in the circuit court for that amount is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.