RANDOLPH v ACKERSON

Docket No. 52698. Submitted December 11, 1980, at Lansing.—Decided August 18, 1981. Leave to appeal applied for.

Allyn J. Ackerson, an employee of Motor Wheel Corporation and a farmer, purchased a barn from a neighbor, razed it, moved the wood to his property and advertised it for sale. Howard Randolph purchased some of the wood and was injured when he and Ackerson were loading it on his pickup truck. Ackerson was insured by Pioneer State Mutual Insurance Company under a policy which excluded coverage for bodily injury arising out of "business pursuits of any insured except (i) activities therein which are ordinarily incident to non-business pursuits and (ii) farming". Randolph brought an action against Ackerson in the Eaton Circuit Court. The parties and Pioneer State Mutual stipulated the amount of damages and Pioneer agreed to pay the stipulated sum in the event the court found that the policy covered the accident. The court, Richard Robinson, J., determined that coverage was not precluded by the policy language and granted judgment for plaintiff. Defendant appealed. *Held:*

For an activity to constitute a business pursuit the activity must be done for profit and must have some degree of continuity. the court found the activity to lack continuity and held it not to be a business pursuit. It did not err in its finding.

Affirmed.

Words and Phrases — Business Pursuit.

An activity must be done for profit and must have some degree of continuity for it to constitute a business pursuit.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.,* for plaintiff.

References for Points in Headnote

[1] 44 Am Jur 2d, Insurance §§ 1420, 1580.
Construction and application of "business pursuits" exclusion provision in general liability policy. 48 ALR3d 1096.

*Best, Arnold, Gleeson & Best, P.C.* (by *Chad C. Schmucker* and *Dennis L. Viglione),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

C. L. BOSMAN, J. Defendant appeals by right from a judgment granted in favor of plaintiff on his complaint. The judgment was based on the trial court's opinion that a policy of insurance issued to defendant excluding coverage for bodily injury arising out of "business pursuits of any insured except (i) activities therein which are ordinarily incident to non-business pursuits and (ii) farming * * *" did not exclude coverage for plaintiff's injury. Based on said exclusion, the Pioneer State Mutual Insurance Company which insured defendant under a comprehensive farm owners liability insurance policy denied coverage.

The parties stipulated to bring the issue of Pioneer's liability before the trial court on a motion for declaratory judgment. The parties agreed that if the trial court determined that coverage was not precluded, the defendant would owe plaintiff $11,022.00; but, that, if the trial court found that coverage was precluded, defendant would owe plaintiff nothing.

Defendant purchased from his neighbor a barn which he razed, moved to his property and advertised for sale. Several people responded to the advertisement but only plaintiff and another purchased the barn wood. Plaintiff was injured when he and defenant were loading the wood on plaintiff's pickup truck.

The trial court concluded that defendant was not engaged in a business pursuit when plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

was injured and, therefore, the exclusion to the policy of insurance was not applicable. The trial court concluded that since it found that Pioneer was liable to plaintiff for his injuries, it was not necessary to address plaintiff's alternative claim that Pioneer was liable because the razing of the barn was incident to ordinary farming operations.

In *Roese Contracting Corp, Inc v Zgliczynski,* 97 Mich App 199, 202; 293 NW2d 763 (1980), the Court set forth the applicable standard of review:

> "Our review of the declaratory judgment is *de novo,* and the findings below must be sustained unless we conclude that we would have ruled differently, sitting in the trial court's stead. *Salvador v Connor,* 87 Mich App 664, 675-676; 276 NW2d 458 (1978), *lv den* 406 Mich 966 (1979)."

Jurisdictions differ in their interpretations of what constitutes a business pursuit for purposes of determining whether a business pursuit exclusion contained in a policy of insurance precludes coverage. In certain jurisdictions, any activity that is profit motivated constitutes a business pursuit for such purposes. However, as the trial court in the instant case recognized, Michigan employs a two-prong test in which, in addition to the profit motive, there must be a degree of continuity to the activity involved. See *State Mutual Cyclone Ins Co v Abbott,* 52 Mich App 103; 216 NW2d 606 (1974).

In this case, the record clearly supports the trial court's conclusion that defendant's activity was profit motivated. The record also supports the trial court's finding that defendant's involvement in the activity was not continuous. The trial court noted in its opinion that there was no evidence presented that defendant had ever engaged in the business of razing old barns for profit prior to the

occasion at issue or that he had done so since. The defendant was a full-time employee at Lansing Motor Wheel Corporation and additionally conducted a sizeable farming operation. That is indicative of the singular nature of the activity in question. The fact that defendant's venture required a great amount of effort and a great amount of time is not determinative. Since defendant's activity was not a "stated occupation" or a "customary engagement", it was not continuous. *State Mutual Cyclone Ins Co v Abbott, supra.*

We conclude that the trial court correctly determined that defendant was not engaged in a business pursuit when plaintiff was injured and, therefore, the business pursuit exclusion to the policy of insurance does not act to preclude coverage. Based on the above, we also find it unnecessary to address plaintiff's alternative theory that coverage was not precluded because defendant's activity was incidental to ordinary farming operations.

Affirmed.