REVITZER v TRENTON MEDICAL CENTER, INC

Docket No. 56279. Submitted May 10, 1982, at Detroit.—Decided July 19, 1982. Leave to appeal applied for.

Plaintiffs, Lois and George Revitzer, brought a medical malpractice action against three defendants for damages for injuries sustained as a result of defendant Dr. Robert Murray's alleged professional negligence in the care and treatment of Lois Revitzer. Defendant Trenton Medical Center, Inc., was also alleged to be vicariously liable for Dr. Murray's alleged professional negligence on the theory that Dr. Murray was an agent, servant and/or employee of the medical center. The Wayne Circuit Court, Irwin H. Burdick, J., granted a final order of summary judgment in favor of defendant Trenton Medical Center, Inc. Plaintiffs appeal from that order contending genuine issues of fact exist as to whether Dr. Murray was an actual agent or an agent by estoppel. *Held:*

1. No factual basis exists to buttress plaintiffs' allegations of an actual agency relationship between Dr. Murray and the medical center. The medical center did not provide any medical or health services, nor did it employ medical personnel. Thus, no genuine issue of fact exists concerning a principal-agent relationship between the medical center and Dr. Murray.

2. An agency by estoppel did not arise, as it was not the medical center's activities which prompted Lois Revitzer to seek Dr. Murray for treatment. She was not misled into believing that the medical center was offering her independent

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 231.

73 Am Jur 2d, Summary Judgment § 26.

[2, 4] 3 Am Jur 2d, Agency §§ 19, 75, 76.

[3, 4] 40 Am Jur 2d, Hospitals and Asylums § 28.

Hospital's liability for negligence in failing to review or supervise treatment given by doctor, or to require consultation. 12 ALR4th 57.

Hospital's liability for negligence in failing to review or supervise treatment given by individual doctor, or to require consultation. 14 ALR3d 873.

Liability of hospital or sanitarium for negligence of physician or surgeon. 69 ALR2d 305.

benefits. Rather, she viewed the medical center as the situs where her physician, Dr. Murray, would treat her and the fact that the doctor's office was situated in a medical facility was inconsequential to her selection of him as her physician.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — COURT RULES.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact, will give the benefit of any reasonable doubt to the opposing party and should grant the motion only where it is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. AGENCY — AGENCY BY ESTOPPEL.

An agency by estoppel may arise from acts and appearances which lead third persons to believe that it has been created; agency by estoppel may be apparent only and exist because of the estoppel of the principal or agent to deny the same after the third party has relied on such appearance, so that such third party would be prejudiced if the fact were shown to be otherwise.

3. HOSPITALS — MALPRACTICE — PHYSICIANS AND SURGEONS — VICARIOUS LIABILITY.

A hospital generally is not vicariously liable for the negligence of a physician who is an independent contractor and only uses the hospital's facilities to provide treatment to his patients.

4. HOSPITALS — MALPRACTICE — PHYSICIANS AND SURGEONS — VICARIOUS LIABILITY — PRINCIPAL AND AGENT — ESTOPPEL.

A physician can be found to be the agent by estoppel of a hospital, so as to create vicarious liability in the hospital for the physician's malpractice, where the plaintiff looked to the hospital to provide him with medical treatment and the hospital represented that medical treatment would be afforded by physicians working therein; the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs where his physician would treat him for his problems; one relevant factor in this determination is whether the hospital provided the plaintiff with the physician or there was a patient-physician relationship independent of the hospital setting.

*Lee I. Turner,* for plaintiffs.

*Kerr, Russell & Weber* (by *Monte D. Jahnke),* for Trenton Medical Center, Inc.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

BEASLEY, P.J. Plaintiffs, Lois and George Revitzer, appeal from an order entered on January 27, 1981, granting summary judgment to one of three defendants, Trenton Medical Center, Inc., in a medical malpractice action instituted by plaintiffs for injuries sustained as a result of defendant Dr. Robert Murray's alleged professional negligence in the care and treatment of Lois Revitzer (hereinafter plaintiff).

On September 5, 1980, plaintiff filed a complaint claiming that Trenton Medical Center, Inc. (hereinafter defendant), was vicariously liable for Dr. Murray's professional negligence since Dr. Murray "was an agent, servant and/or employee of said facility".

In her deposition which was taken on September 25, 1980, plaintiff testified that she had been Dr. Murray's patient for approximately 20 years, with the last 5 years of treatment occurring at Dr. Murray's office location in the Trenton Medical Center. Plaintiff admitted that she was treated solely by Dr. Murray and appeared at defendant's center for treatment exclusively by him.

Plaintiff also testified at her deposition that she perceived Dr. Murray's location in the medical center as offering her the advantage of the presence of other physicians being available for consultation by her physician.

On November 25, 1980, defendant filed a motion for summary judgment pursuant to GCR 1963,

117.2(3), claiming that it functions solely as a real estate corporation for purposes of owning and renting the structure in which Dr. Murray and four other physicians rent separate office spaces. By way of an affidavit submitted by a shareholder and tenant, Dr. Kenneth Ray, defendant asserted that it never employed physicians or nurses, nor had it ever offered medical or health services to the public. Additionaly, Dr. Ray attested to the fact that Dr. Murray had never been a staff member or employee of the medical center. An exhibit was introduced at the summary judgment hearing which displayed that the individual physicians handled their own billings.

Plaintiff's theory of vicarious liability is premised on a principal-agent relationship which allegedly existed between defendant and Dr. Murray or, alternatively, an agency which arose by estoppel.

On appeal, plaintiff maintains that the trial court erred in granting summary judgment in favor of defendant because a genuine issue of fact exists as to whether Dr. Murray was an actual agent of the Trenton Medical Center. In addition, plaintiff contends a genuine issue of fact exists as to whether an agency by estoppel was created by defendant's activities.

In a motion for summary judgment grounded upon GCR 1963, 117.2(3), the moving party contests the existence of factual support for the claim or defense.[1] A trial court, in deciding a summary judgment motion under the foregoing sub-rule, will give the benefit of any reasonable doubt to the opposing party. The court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome.[2]

---

[1] *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965), 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.05, pp 14-15.

[2] *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973),

The record reflects that no factual basis exists to buttress plaintiff's allegations of an actual agency relationship between defendant and Dr. Murray. The medical center did not provide any medical or health services, nor did it employ medical personnel.

Unlike the factual setting in *Clark v Texaco, Inc,*[3] the record is bereft of evidence which could conceivably establish at trial that defendant was involved in the solicitation of business invitees to the leased premises or that it advertised on behalf of its physician-tenants. Moreover, plaintiff did not refute that the physicians handle their own billings. Thus, no genuine issue of fact exists concerning a principal-agent relationship between defendant and Dr. Murray.

We also must examine the record to determine if a factual question exists pertaining to defendant's liability on the basis of an ostensible agency theory. This doctrine, which was discussed in *Howard v Park,*[4] has been applied to hold a hospital liable for the negligence of a physician who was not an employee or agent of the institution.

A description of ostensible agency (agency by estoppel) is found in 3 Am Jur 2d, Agency, § 19, p 429, as follows:

"While agency, as between the principal and agent, is a matter of their mutual consent, an agency by estoppel may be created insofar as third persons are concerned—that is, it may arise from acts and appearances which lead third persons to believe that it has been created. Agency by estoppel may be apparent only and exist because of the estoppel of the principal or agent to deny

*Braman v Bosworth,* 112 Mich App 518; 316 NW2d 255 (1982).

[3] 55 Mich App 100; 222 NW2d 52 (1974).

[4] 37 Mich App 496, 499-500; 195 NW2d 39 (1972), *lv den* 387 Mich 782 (1972).

the same after the third party has relied on such appearance, so that such third party would be prejudiced if the fact were shown to be otherwise." (Footnotes omitted.)[5]

In *Howard, supra,* the owner of a medical clinic was found to be liable for the negligence of an independent contractor physician, as (1) the owner referred the plaintiff to the physician, (2) the treatment occurred entirely at the owner's clinic, (3) the physician represented himself as a member of the clinic, (4) the plaintiff had no reason to suspect that the physician was merely an individual contractor, and (5) the bill was sent to the plaintiff on the clinic's stationery.

In *Grewe v Mount Clemens General Hospital,*[6] the Supreme Court enunciated the proposition that a hospital generally is not vicariously liable for the negligence of a physician who is an independent contractor and only uses the hospital's facilities to provide treatment to his patients. Nevertheless, an exception to the aforementioned rule was stated:

"However, if the individual looked to the hospital to provide him with medical treatment and there has been a representation by the hospital that medical treatment would be afforded by physicians working therein, an agency by estoppel can be found. See *Howard v Park,* 37 Mich App 496; 195 NW2d 39 (1972), *lv den* 387 Mich 782 (1972). See also *Schagrin v Wilmington Medical Center, Inc,* 304 A2d 61 (Del Super Ct, 1973).

"In our view, the critical question is whether the plaintiff, at the time of his admission to the hospital, was looking to the hospital for treatment of his physical ailments or merely viewed the hospital as the situs

---

[5] See, also, Anno: *Liability of hospital or sanitarium for negligence of physician or surgeon,* 69 ALR2d 305, 325.

[6] 404 Mich 240; 273 NW2d 429 (1978).

where his physician would treat him for his problems. A relevant factor in this determination involves resolution of the question of whether the hospital provided the plaintiff with Dr. Katzowitz or whether the plaintiff and Dr. Katzowitz had a patient-physician relationship independent of the hospital setting."[7]

In the within matter, an agency by estoppel did not arise, as it was not defendant's activities which prompted plaintiff to seek Dr. Murray for treatment. In fact, plaintiff had been receiving health services from Dr. Murray for about 15 years prior to visiting him at defendant's office building. Plaintiff did not rely on any of defendant's activities in continuing her physician-patient relationship with Dr. Murray. We cannot conclude that plaintiff was misled into believing that the defendant's medical facility was offering her independent benefits. We find that plaintiff viewed defendant's medical facility as the situs where her physician would treat her, and the fact that Dr. Murray's office was situated in a medical facility was inconsequential to plaintiff's selection of him as her physician.

Accordingly, we affirm the trial court's granting of the summary judgment in favor of defendant Trenton Medical Center.

Affirmed.

[7] *Id.,* 250-251.