DEMOREST v DiPENTIMA

Docket No. 58632. Submitted May 11, 1982, at Detroit.—Decided July 20, 1982.

Plaintiff, Harry C. Demorest, filed a complaint for a declaratory judgment against defendant, Norma C. DiPentima, also known as Norma C. Demorest, seeking a judgment that no marital relationship ever existed between the parties. The Wayne Circuit Court, John M. Wise, J., granted plaintiff's motion for summary judgment on the basis that no genuine issue as to any material fact existed. Defendant appeals claiming that the trial court lacked jurisdiction to declare that a marriage between the parties never existed. *Held:*

1. The plaintiff may invoke the statute regarding the procedure to affirm a marriage of doubtful validity since on at least one earlier occasion defendant claimed under oath that the parties had been legally married.

2. Defendant's claim, that since both parties admit that a lawful marriage never occurred the trial court lacked jurisdiction to declare that a marriage between the parties never existed, is without merit; defendant cannot deprive plaintiff of the right to have a binding determination of whether or not a valid marriage existed by vacillating and taking different legal positions at different times to suit her convenience.

3. Declaratory relief is available under GCR 1963, 521.1, where, as here, an actual controversy has existed which requires a judgment to determine legal rights and relations.

4. An actual controversy did exist here since plaintiff is entitled to know his marital status in order to determine his future conduct.

5. The trial judge properly granted summary judgment to plaintiff pursuant to GCR 1963, 117.2(3) since under that court

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Declatory Judgments §§ 10, 11.
[2] 22 Am Jur 2d, Declatory Judgments § 18.
[3] 22 Am Jur 2d, Declatory Judgments § 10.
[4] 61A Am Jur 2d, Pleading § 231.
   73 Am Jur 2d, Summary Judgment § 32.

rule the trial court must examine the pleadings, depositions, admissions, affidavits and other documentary evidence to ascertain whether a genuine issue as to any material fact exists and here the defendant chose to assert that no genuine issue concerning any material fact existed regarding the validity of a legal marriage between plaintiff and defendant.

Affirmed.

1. DECLARATORY JUDGMENTS — CONTROVERSIES — COURT RULES.

Declaratory relief is available pursuant to the court rule regarding declaratory judgments where an actual controversy has existed which requires a judgment to determine legal rights and relations (GCR 1963, 521.1).

2. DECLARATORY JUDGMENTS — FUTURE CONDUCT — LEGAL RIGHTS.

An action for a declaratory judgment may be instituted where declaratory relief is necessary to guide a plaintiff's future conduct in order to safeguard his legal rights.

3. DECLARATORY JUDGMENTS — HYPOTHETICAL ISSUES.

A trial court may not adjudicate hypothetical issues through an action for a declaratory judgment; however, it is not precluded from reaching issues in an action for a declaratory judgment before actual losses or injuries have occurred.

4. JUDGMENTS — SUMMARY JUDGMENTS — COURT RULES.

A trial court, in considering a motion for summary judgment on the ground that there is no issue as to any material fact, must examine the pleadings, depositions, admissions, affidavits and other documentary evidence to ascertain whether a genuine issue as to any material fact exists; the court will give the benefit of any reasonable doubt to the party opposing the summary judgment, and it must be satisfied that it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome (GCR 1963, 117.2[3]).

*Wilson, Portnoy, Basso & Leader, P.C.,* for plaintiff.

*Zeff & Zeff* (by *Diane M. Freilich),* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. On August 1, 1980, plaintiff, Harry

C. Demorest, filed a complaint for a declaratory judgment against defendant, Norma C. DiPentima, also known as Norma C. Demorest, seeking a judgment that no marital relationship ever existed between the parties. On June 19, 1981, the trial court granted plaintiff's motion for summary judgment on the basis that no genuine issue as to any material facts existed. From this order, defendant appeals as of right.

In his complaint, plaintiff alleged that he and defendant cohabitated together for a number of years and were the parents of three children, all of whom had reached the age of majority. Plaintiff apparently filed the complaint as a consequence of contradictory actions by defendant: on August 7, 1978, defendant filed a complaint for absolute divorce, which alleged that she was lawfully married to plaintiff on April 19, 1956, an action that she dismissed voluntarily on February 19, 1980, and, on June 26, 1980, defendant filed a first amended petition in the United States Tax Court, alleging, among other things, that she was not legally married to plaintiff and, therefore, was not eligible to file a joint income tax return with him.

On November 16, 1980, defendant filed a motion for an accelerated judgment pursuant to GCR 1963, 116.1(2), asserting that the trial court lacked jurisdiction to determine and decide that a valid marriage never existed between the parties. In support of her motion, defendant referred to MCL 552.4; MSA 25.84, the statute which applies when the validity of a marriage is in doubt:

"When the validity of any marriage shall be denied or doubted by either of the parties, the other party may file a bill or petition in the manner aforesaid, for affirming the marriage; and upon due proof of the validity thereof, it shall be declared by a decree or

sentence of the court; and such decree, unless reversed on appeal, shall be conclusive upon all persons concerned."

In response to defendant's motion for an accelerated judgment, plaintiff filed an affidavit which stated that a lawful marriage never took place between defendant and him. We are satisfied that plaintiff may invoke the foregoing statute, since on at least one earlier occasion defendant claimed under oath that the parties had been legally married.

On appeal, defendant maintains that, inasmuch as both parties admit that a lawful marriage never occurred, the trial court lacked jurisdiction to declare that a marriage between the parties never existed. This claim is without merit. Defendant cannot deprive plaintiff of the right to have a binding determination of whether or not a valid marriage existed by vacillating and taking different legal positions at different times to suit her convenience.

Under GCR 1963, 521.1, declaratory relief is available where, as here, an actual controversy has existed which requires a judgment to determine legal rights and relations. For example, an action for declaratory judgment may be instituted where declaratory relief is necessary to guide a plaintiff's future conduct in order to safeguard his legal rights.[1] While a trial court may not adjudicate hypothetical issues, it is not precluded from reaching issues before actual losses or injuries have occurred.[2]

[1] *Stockler v Dep't of Treasury,* 75 Mich App 640, 644-645; 255 NW2d 718 (1977), *lv den* 402 Mich 802 (1977), *app dis* 435 US 963; 98 S Ct 1598; 56 L Ed 2d 54 (1978), 9 Callaghan's Michigan Pleading & Practice (2d ed), § 69.07, p 602.

[2] *Shavers v Attorney General,* 402 Mich 554, 589; 267 NW2d 72 (1978), *reh den* 403 Mich 958 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979).

In 22 Am Jur 2d, Declaratory Judgments, § 1, p 836, a definition of the declaratory judgment remedy is provided:

"A declaratory judgment is one which declares the rights and duties, or the status, of the parties. Thus, an action for a declaratory judgment is the appropriate remedy for the determination of a justiciable controversy where the plaintiff is in doubt as to his legal rights and wishes to avoid the hazard of taking action in advance of the determination of such rights. While it is true that a declaratory judgment is usually obtained before there has been an interference with the rights of a party, such interference is not necessarily a bar to such an action.

"The distinctive characteristic of a declaratory judgment is that the declaration stands by itself, that is, no executory process follows as of course. In other words, such a judgment does not involve·executory or coercive relief. The essential distinction between an action for declaratory judgment and the usual action is that no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action, but there must be no uncertainty that the loss will occur or that the asserted right will be invaded. Thus, the purpose of the declaratory judgment is to permit adjudication of the rights or status of the parties without the necessity of a previous crime or breach." (Footnotes omitted.)

In the within matter, we find that an actual controversy does exist, as plaintiff is entitled to know his marital status in order to determine his future conduct.

In considering motions under GCR 1963, 117.2(3), the trial court must examine the pleadings, depositions, admissions, affidavits, and other documentary evidence to ascertain whether a genuine issue as to any material fact exists.[3] A court

---

[3] *Lipton v Boesky,* 110 Mich App 589, 598; 313 NW2d 163 (1981), 7 Callaghan's Michigan Pleading & Practice (2d ed), § 43.05, pp 14-15.

will give the benefit of any reasonable doubt to the party opposing the summary judgment, and it must be satisfied that it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome.[4]

In the matter at bar, defendant chose to assert that no genuine issue concerning any material fact existed regarding the validity of a legal marriage between plaintiff and defendant. Accordingly, the trial judge properly granted summary judgment to plaintiff pursuant to GCR 1963, 117.2(3).

Affirmed.

---

[4] *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 362.