RIVERSIDE INSURANCE COMPANY v KOLONICH

Docket No. 59090. Submitted June 1, 1982, at Lansing.—Decided
December 8, 1982.

Rosemary Kolonich brought an action against David and Mary Jo
Taylor, alleging injuries suffered when she fell in the Taylors'
driveway. Riverside Insurance Company initially agreed to
represent the Taylors in the negligence matter under a home-
owner's insurance policy, but, after taking the deposition of
Rosemary Kolonich, it filed an action in Ingham Circuit Court
against Kolonich and the Taylors, based on the "business
pursuit" exception to the policy, seeking a judgment that it did
not have a duty to defend or pay damages. Plaintiff contended
that the Taylors were engaged in the continuous business for
profit of firing ceramics for others at their premises and that
the injuries allegedly sustained by Rosemary Kolonich were
excluded from insurance coverage, since they arose out of a
business conducted on the Taylors' premises. Mary Jo Taylor's
deposition disclosed that: (1) she owned a kiln for firing ceram-
ics, over 100 ceramic molds, and more than 100 pieces of
greenware, (2) she had been interested in ceramics for approxi-
mately five years and, at the time of the deposition, taught a
weekly ceramics class at her home, which was comprised of five
students, (3) at the time of Rosemary Kolonich's injury, she had
approximately ten students, (4) a $2 fee was charged per class,
(5) pieces of greenware were sold by her, primarily to class
members, (6) a portion of her ceramics activities was devoted to
firing greenware, where she charged one-half of the amount the
person paid for the piece, (7) as a result of considering her
ceramics functions as a hobby rather than a business venture,
she neither reported any income on her tax returns nor pos-
sessed a sales tax license, and (8) her husband's involvement in
the activity was limited to carrying molds and greenware to

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 291.
[2] 46 Am Jur 2d, Summary Judgment § 26.
[3, 4] 22 Am Jur 2d, Declaratory Judgments §§ 40-43.
[3-5] 44 Am Jur 2d, Insurance § 1408.
[5] 44 Am Jur 2d, Insurance § 1894.

her visitors' automobiles. The court, Jack W. Warren, J., granted summary judgment for plaintiff. Defendant Kolonich appealed, alleging that the depositions established that the ceramic activities were conducted by Mrs. Taylor as a hobby, not for a profit, or alternatively, that a question of fact existed in regard to the issue. Additionally, she contended that, even if the activities constituted a "business pursuit", plaintiff is estopped from disclaiming coverage because it undertook for many months defense of the claim on the Taylors' behalf. *Held:*

1. An activity must be profit motivated and have some degree of continuity for it to constitute a "business pursuit" within the meaning of a business-pursuits exclusion in a homeowner's insurance contract. A question of fact was raised by the depositional testimony of Mrs. Taylor regarding whether her activities constitute a hobby or an enterprise conducted with a profit motive. Summary judgment was improper.

2. In its order granting summary judgment on plaintiff's petition for declaratory relief, the trial court did not address defendant Kolonich's claim that plaintiff's assumption of a defense on behalf of the Taylors constituted a waiver or estoppel of its right to deny insurance coverage based on an alleged policy exclusion. On remand, a hearing on this issue is required.

Reversed and remanded.

J. P. SWALLOW, J., dissented. He would hold that there was no genuine issue as to any material fact, that the business-pursuits exclusion applied, and that the insurer is not estopped to deny any liability. He would affirm.

OPINION OF THE COURT

1. INSURANCE — EXCLUSIONS — "BUSINESS PURSUITS".

An activity must be profit motivated and have some degree of continuity for it to constitute a "business pursuit" within the meaning of a business-pursuits exclusion in a homeowner's insurance contract.

2. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions, and other documentary evidence available to the court and is properly granted only where, giving the benefit of any reasonable doubt to the opposing party, the trial court is satisfied that it is impossible for the

claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

3. INSURANCE — DISCLAIMER OF LIABILITY — RESERVATION OF RIGHTS — DECLARATORY JUDGMENT.

An insurance company's action for declaratory judgment before completion of a negligence suit against its insured is a suitable alternative to a "reservation of rights" letter in which an insurer states it will defend the insured but will also reserve the right to rely on a policy provision as a defense to the insurer's liability.

DISSENT BY J. P. SWALLOW, J.

4. INSURANCE — DISCLAIMER OF LIABILITY — ESTOPPEL — RESERVATION OF RIGHTS — DECLARATORY JUDGMENT.

*An insurance company which allegedly failed to give its insured a "reservation of rights" letter when it undertook his defense in a negligence case is not estopped from denying liability where the insurer brought a declaratory judgment action to determine its liability within a reasonable time.*

5. INSURANCE — DISCLAIMER OF LIABILITY — ESTOPPEL — RESERVATION OF RIGHTS.

*To assert waiver or estoppel as against an insurer's contractual rights, a nonparty to the contract of insurance must show that he has been prejudiced by action of the insurer as to a consequential right under the contract of insurance.*

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Charles E. Barbieri),* for plaintiff.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Kenneth G. McIntyre),* for defendant Kolonich.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

PER CURIAM. On February 5, 1981, plaintiff, Riverside Insurance Company, filed a complaint

* Circuit judge, sitting on the Court of Appeals by assignment.

for declaratory judgment[1] against defendants, Rosemary Kolonich, David Taylor, and Mary Jo Taylor, seeking a judgment that it did not have a duty to defend or pay damages in connection with a pending negligence action brought by Kolonich against plaintiff's insureds, David and Mary Jo Taylor. On July 16, 1981, the trial court granted plaintiff's motion for summary judgment on the basis that the incident which gave rise to the negligence claim was excluded from the homeowner's insurance coverage furnished by plaintiff to the Taylors. From the grant of summary judgment, defendants appeal as of right.

The record discloses that Rosemary Kolonich filed a complaint on October 22, 1980, claiming that she suffered injuries when she slipped and fell on the Taylors' driveway on December 17, 1979. Plaintiff initially agreed to represent the Taylors in the negligence matter under the homeowner's insurance policy, but, after taking the deposition of Rosemary Kolonich, it filed the instant action based on the "business pursuit" exception to the policy.

The special exclusion provision of the policy stated that coverage does not apply:

"(a)(1) to any business property of an Insured or any business pursuits in connection with a business solely owned by an Insured or owned by a partnership of which an Insured is a partner other than (a) premises occupied for office, professional, private school, or studio occupancy specifically added by endorsement, and (b) activities therein which are ordinarily incidental to non-business pursuits * * *."

Plaintiff's theory was that the Taylors were

---

[1] GCR 1963, 521. For a discussion of the declaratory judgment remedy, see *Demorest v DiPentima,* 118 Mich App 299; 324 NW2d 634 (1982).

engaged in the continuous business for profit of
"firing ceramics for others at their premises".
Thus, it contended that the injuries allegedly sus-
tained by Rosemary Kolonich were excluded from
insurance coverage, since they arose out of a busi-
ness conducted on the Taylors' premises.

Mary Jo Taylor's deposition was taken in this
matter on March 3, 1981. Therein, she testified
that: (1) she owned a kiln for firing ceramics, over
100 ceramic molds, and more than 100 pieces of
greenware, (2) she had been interested in ceramics
for approximately five years and, at the time of
the deposition, taught a weekly ceramics class at
her home, which was comprised of five students,
(3) at the time of Rosemary Kolonich's injury, she
had approximately ten students, (4) a $2 fee was
charged per class, (5) pieces of greenware were sold
by her, primarily to class members, (6) a portion of
her ceramics activities was devoted to firing green-
ware, where she charged one-half of the amount
the person paid for the piece, (7) as a result of
considering her ceramics functions as a hobby
rather than a business venture, she neither re-
ported any income on her tax returns nor pos-
sessed a sales tax license, and (8) her husband's
involvement in the activity was limited to carrying
molds and greenware to her visitors' automobiles.

In its summary judgment motion, plaintiff main-
tained that no genuine issue existed in relation to
any material fact, inasmuch as the Taylor deposi-
tions established that they were not entitled to
defense coverage under the policy. Defendant Ko-
lonich maintains that the depositions established
that the ceramic activites were conducted by Mrs.
Taylor as a hobby, not for a profit, or, alterna-
tively, that a question of fact exists in regard to
the issue. Additionally, Rosemary Kolonich con-

tends on appeal that, even if the activities constituted a "business pursuit", plaintiff is estopped from disclaiming coverage because it undertook for many months defense of the claim on the Taylors' behalf.

In *State Mutual Cyclone Ins Co v Abbott*,[2] the insurer sought to absolve itself from extending coverage to its insured under a business-pursuit exception of the insurance policy. The insured, who was a part-time blacksmith, allegedly caused the horse that he was shoeing to strike and injure the horse's owner. In reversing the trial court's holding that the insured was not engaged in a business pursuit when the injury occurred, we set forth the following definition for "business pursuit":[3]

" 'To constitute a business pursuit, there must be two elements: first, continuity, and secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements.' "

Another case involving an insurance company's attempt to avoid extending coverage under the business-pursuit exception is *Randolph v Ackerson*,[4] where a farmer, the insured party, in an isolated transaction, purchased an old barn with the intention of selling the barn wood. A purchaser of the barn wood was injured while loading

---

[2] 52 Mich App 103; 216 NW2d 606 (1974).

[3] 52 Mich App 108. For a detailed article on interpretation of business pursuits exclusions, see Anno: *Construction and application of "business pursuits" exclusion provision in general liability policy*, 48 ALR3d 1096 (1973).

[4] 108 Mich App 746; 310 NW2d 865 (1981).

the wood onto a truck. We upheld the trial court's ruling that the exception to the insured's policy of insurance was not applicable because one of the two elements of the two-pronged business-pursuit test was not satisfied, namely, that the insured's involvement in the activity of selling barn wood was not of a customary or continuous nature.

In summary judgment motions based upon GCR 1963, 117.2(3), the trial court must examine the pleadings, admissions, depositions, affidavits, and other documentary evidence to determine whether a genuine issue of fact exists as to any material fact.[5] A trial court should give the benefit of any reasonable doubt to the party opposing the summary judgment, and it must be satisfied that the nonmovant's claim or defense cannot be supported at trial as a result of a deficiency which cannot be overcome.[6]

In the matter at bar, a question of fact was raised by the depositional testimony of Mrs. Taylor regarding whether her activities constitute a hobby or an enterprise conducted with a profit motive. Accordingly, we conclude that summary judgment was improvidently granted.

We also note that, in its order granting summary judgment on plaintiff's petition for declaratory relief, the trial court did not address defendant Kolonich's claim that plaintiff's assumption of a defense on behalf of the Taylors constituted a waiver or estoppel of its right to deny insurance coverage based on an alleged policy exclusion. Nor

[5] *Revitzer v Trenton Medical Clinic,* 118 Mich App 169; 324 NW2d 561 (1982); *Lipton v Boesky,* 110 Mich App 589, 598; 313 NW2d 163 (1981); 7 Callaghan's Mich Pleading & Practice (2d ed), § 43.05, pp 14-15.

[6] *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973); 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 362.

did the trial court rule on the question of whether defendant David Taylor is entitled to a defense and liability protection, even if his wife, Mary Jo Taylor, is excluded from insurance coverage.

In *Security Ins Co of Hartford v Daniels*,[7] this Court approved of an insurance company seeking a declaratory judgment in regard to its obligation to defend its insured. Therein, we stated:

"The Court, in *Meirthew, supra [Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965)], was concerned that the insurance company, by defending the insured in the principal suit but not informing him of specific defenses upon which it later intended to rely to avoid liability, denied the insured a fair and timely opportunity to protect his rights. In the instant case, however, the very reason for bringing the declaratory judgment action was to decide those issues prior to trial and, consequently, avoid prejudicing the rights of any insured party. Thus, because the instant declaratory judgment action is a suitable alternative to a 'reservation of rights' letter, *Meirthew, supra,* is not applicable to the instant case." (Footnote omitted.)[8]

In 44 Am Jur 2d, Insurance, § 1408, pp 348-349, an insurer's obligation to defend is discussed:

"Where doubt exists as to the obligation of an insurer to defend, the doubt should be resolved in the insured's favor. The determination of an insurer's duty to defend may turn on the construction of an exclusionary clause.

"If the insurer desires to show that the claim against the insured is based on facts excluded from the policy coverage and the insurer refuses to defend, it must do so at its peril, and if the insurer guesses wrong, it must bear the consequences of its breach of contract. For this reason, where the insurer is doubtful about its liability and wishes to retain all its rights and at the same time

---

[7] 70 Mich App 100; 245 NW2d 418 (1976).

[8] 70 Mich App 116.

protect itself against the claim that it has unjustifiably refused to defend a suit against the insured, it may give a so-called 'nonwaiver' notice to the insured or attempt to enter into a 'nonwaiver' agreement with the insured by which it reserves all its rights to assert later the policy noncoverage. *Another remedy available to the insurer is to secure an adjudication of nonliability by way of a declaratory judgment. Such a judgment settles definitely the question of its duty to defend."* (Footnotes omitted, emphasis added.)

In the matter at bar, a hearing is required to determine if plaintiff's involvement in the defense of the negligence claim against its insured operates as an estoppel or waiver of its right to disclaim coverage.

Reversed and remanded.

J. P. SWALLOW, J. *(dissenting).* I respectfully dissent. The majority reverse and remand on the grounds that summary judgment was improvidently granted and that an evidentiary hearing is necessary to determine if waiver or estoppel apply.

The underlying negligence action was commenced against plaintiff's insured on October 23, 1980. The insurance company caused an answer to be filed on its insured's behalf on November 6, 1980. This action for declaratory relief was filed some three months later on February 5, 1981. Only Kolonich, the plaintiff in the underlying action, appealed.

Under the subject contract of insurance, the insurer was obligated to provide a defense to his insured and, upon any failure to do so, even if refusal was made in good faith, the insurer would be liable for a default judgment, even if in excess of the policy limits. *Frank Stockdale v Jamison,* 99 Mich App 534; 297 NW2d 708 (1980). The duty to defend may extend to actions which are ground-

less, false, or fraudulent so long as the allegations against the insured are even arguably within policy coverage and any doubt as to whether or not a complaint against an insured alleges a liability of the insurer to defend under the policy must be resolved in the insured's favor. *Detroit Edison Co v Michigan Mutual Ins Co*, 102 Mich App 136; 301 NW2d 832 (1980). See also *Elliott v Casualty Ass'n of America*, 254 Mich 282; 236 NW 782 (1931); *Shepherd Marine Construction Co v Maryland Casualty Co*, 73 Mich App 62; 250 NW2d 541 (1976).

An insurer, impressed with a duty to defend, who doubts that a claim is within coverage afforded by the policy must necessarily, after assumption of defense, be afforded a reasonable opportunity to resolve the coverage question by declaratory relief without waiving any contractual rights. *Security Ins Co v Daniels*, 70 Mich App 100; 245 NW2d 418 (1976).

For a nonparty to a contract of insurance to assert waiver or estoppel as against an insurer's contractual rights, he must show that he has been prejudiced by action of the insurer as to a consequential right under the contract of insurance. *Hoffman v Professional Underwriters*, 259 Mich 633; 244 NW 184 (1932); *Beals v Central Mutual Auto Ins Co*, 269 Mich 477; 257 NW 868 (1934); *Meirthew v Last*, 376 Mich 33; 135 NW2d 353 (1965).

In my opinion, the insurer's timely filing of this action should negate any claim of prejudice. *Security Ins Co v Daniels.*

The insurance contract in question is clear and unambiguous that it does not apply to business pursuits. See *State Mutual Cyclone Ins Co v Abbott*, 52 Mich App 103; 216 NW2d 606 (1974).

Also in *State Mutual Cyclone Ins Co,* a panel of this Court, citing to *Home Ins Co v Aurigemma,* 45 Misc 2d 875, 880; 257 NYS2d 980, 986 (1965), and *Fadden v Cambridge Mutual Fire Ins Co,* 51 Misc 2d 858, 862; 274 NYS2d 235, 241 (1966), adopted the New York definition of the term "business pursuits". *Home Ins Co v Aurigemma* contains an exhaustive discussion of authorities relied upon in developing the subject definition, holding specifically:

1. Language employed must be accorded connotation which a policy holder of ordinary intelligence would usually attach to it.
2. For purposes of exclusion from comprehensive personal liability protection of standard home owners policy, the term "business pursuits" comprehends both continuity and profit motive.

The trial court, in granting summary judgment, relied upon the deposition of plaintiff's insured, Mary Jo Taylor, as taken in the underlying action. An objective analysis of that deposition establishes that Mrs. Taylor had been interested in ceramics for about five years, maintained a kiln and an inventory of more than 100 ceramic molds and more than 100 pieces of greenware upon her premises. The activities conducted upon the premises were the teaching of ceramic classes more than one night a week to groups ranging in number from five to ten, as well as the sale and firing of ceramic pieces. A fee was charged students for the taking of classes and a consideration was received for services performed or for items sold.

It is also undisputed that Rosemary Kolonich, plaintiff in the underlying action, at the time of her slip and fall on Taylor's sidewalk, had specifi-

cally come to the premises to have a ceramic piece fired.

From my reading of *Home Ins Co v Aurigemma,* I would hold that the two-pronged test (continuity and profit motive) as adopted by *State Mutual Cyclone Ins Co* is satisfied by the admissions contained in Mrs. Taylor's deposition.

The existence of defendant Taylor's claim that she considered her pursuits as a hobby, did not advertise, had many family members among her clientele, and possessed no records to show if the activity generated a profit or loss are subjective considerations and should not disturb the holding of the trial judge. There is no outstanding issue of material fact to prevent the granting of declaratory relief by summary judgment. *Burroughs Corp v Detroit,* 18 Mich App 668, 674-675; 171 NW2d 678 (1969).

Further, I do not agree with appellant's claim that, because Mary Jo Taylor conducted the business, her husband, David Taylor, is entitled to coverage. It is the type of risk that is covered or excluded by the policy, not the individual insured.

Having answered the first three issues raised by appellant, the remaining issue, in my opinion, is rendered moot.

I would affirm.