McCOLLUM v COMMUNITY SERVICE INSURANCE COMPANY

Docket No. 73935. Submitted July 16, 1984, at Detroit.—Decided October 1, 1984. Leave to appeal applied for.

Laurel Miller, recently divorced from her husband and unemployed, died as a result of injuries suffered in an automobile accident. At the time of the accident, Laurel Miller and her three minor children were living in a house owned by Ms. Miller's mother, Florence McCollum. Mrs. McCollum permitted Miller and her children to live in the house with the understanding that Miller would pay $200 per month rent and pay the utilities when she found employment and would pay that amount for all the time spent in the house. In addition to allowing the Millers to live in the house on promise of payment, McCollum also loaned Miller as much as $300 per month to meet the needs of Miller and her children. This money was also to be repaid. Following Miller's death, her children moved into McCollum's home and did not contribute to their support. McCollum filed a claim on behalf of the Miller children with Community Service Insurance Company, a division of Farm Bureau Insurance Group and Laurel Miller's no-fault insurer, for replacement service benefits and survivors' loss benefits. Community Service paid replacement service benefits but denied the survivors' loss benefits. McCollum, as guardian ad litem for the children, then filed suit against Community Service and Farm Bureau in Wayne Circuit Court seeking payment of survivors' loss benefits to the children. Defendants filed a motion for summary judgment on the ground that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. Defendants' rationale was that, because Laurel Miller was not employed, was receiving ADC and receiving housing and financial support from her mother, she was not providing tangible things of economic value to her children at the time of the accident and therefore

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 7 Am Jur 2d, Automobile Insurance § 363.
  Entitlement of child, spouse, parent, or other person to survivor's loss benefits under no-fault insurance acts. 12 ALR4th 975.

the children were not entitled to survivors' loss benefits as provided by the no-fault act. The court, Henry J. Szymanski, J., granted defendants' motion for summary judgment. Plaintiff appeals. *Held:*

The children are entitled to receive survivors' loss benefits. While the funds supporting Laurel Miller and her children originated from Mrs. McCollum, Miller had undertaken an obligation to repay the loans and use the funds to support her children. Miller was contributing tangible things of economic value to the children on this basis.

Reversed and remanded for entry of judgment on behalf of the plaintiff.

1. Judgments — Summary Judgment — Issues of Fact — Court Rules.

A court, in passing on a motion for summary judgment on the ground that there is no genuine issue of material fact, must consider all admissible evidence to determine whether a genuine issue of fact exists as to any material fact; if the nonmoving party fails to establish that he has a case on the law and that there are some evidentiary proofs to support his allegations as to any material fact, the moving party is entitled to judgment as a matter of law (GCR 1963, 117.2[3]).

2. Insurance — No-Fault Insurance — Survivors' Loss Benefits.

Loans obtained by an unemployed mother to sustain herself and her children and the promise to repay those loans and to pay rent for time spent living in a house while unemployed constituted a contribution of tangible things of economic value for purposes of the no-fault automobile insurance act and entitled her dependents to survivors' loss benefits under a no-fault insurance policy where the mother died as a result of injuries received in an automobile accident (MCL 500.3108[1]; MSA 24.13108[1]).

*Michael J. Brochert,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin),* for defendant.

Before: V. J. Brennan, P.J., and Allen and Gribbs, JJ.

V. J. Brennan, P.J. Plaintiff brought this com-

plaint in Wayne County Circuit Court before Judge Henry J. Szymanski. Judge Szymanski entered summary judgment in defendants' favor on September 9, 1983. Plaintiff appeals as of right.

Plaintiff, Florence McCollum, is the mother of the defendants' insured, Laurel Miller, and is the guardian ad litem of Ms. Miller's three surviving minor children. Laurel Miller was insured with Community Service Insurance, a division of the Farm Bureau Insurance Group under a no-fault insurance policy when she was involved in a motor vehicle accident on March 22, 1981. Ms. Miller was killed as a result of the accident. The following statement of facts is drawn primarily from the parties' briefs and the deposition of Florence McCollum taken on February 15, 1983.

Laurel Miller arrived in Michigan from Tennessee in October, 1980, after separating from her husband. Divorce proceedings were finalized in February, 1981. Ms. Miller applied for and received Aid to Dependent Children from the State of Michigan in the amount of $173 every two weeks. At the time of her accident, Ms. Miller was unemployed but had been actively seeking employment. It is uncontested that she was unemployed for the five months preceding her death.

Because of the distressed financial circumstances of her daughter and grandchildren, Florence McCollum permitted Ms. Miller and the three children to live in a second home on the family farm with the understanding that Ms. Miller would pay rent of $200 per month plus utilities when she obtained employment. Ms. McCollum also testified that Ms. Miller promised to pay back rent for the period in which she remained in the house, but was unemployed. She also testified that she loaned Ms. Miller "sometimes as much as $300" per

month to meet the financial needs of her daughter's family. Again, according to Mrs. McCollum, those amounts were to be repaid when Ms. Miller secured gainful employment.

Following Ms. Miller's death, the three children moved into the McCollum home. They do not contribute to their support.

The parties filed cross motions for summary judgment. The trial court ruled that Laurel Miller was not providing "tangible things of economic value" to her dependents at the time of the accident. Accordingly, the court ruled that there was no basis to award survivors' loss benefits above and beyond the replacement service expense which the defendant Farm Bureau Insurance Group was voluntarily paying. Plaintiff appeals.

The question is whether a no-fault insurer should consider a series of intra-family loans to an unemployed person who sustains a fatal injury in an automobile accident as contributions of tangible things of economic value that dependents of the deceased would have received for their support from the deceased if the deceased had not sustained the fatal injury.

The trial court granted defendants' motion for summary judgment under GCR 1963, 117.2(3). In passing on a motion under this subrule, a trial court must consider all admissible evidence to determine whether a genuine issue of fact exists as to any material fact. *Riverside Ins Co v Kolonich,* 122 Mich App 51; 329 NW2d 528 (1982). If the nonmoving party fails to establish that he has "a case on the law and that there are some evidentiary proofs to support his allegations as to any material fact", the moving party is entitled to a judgment as a matter of law. *Durant v Stahlin,* 375 Mich 628, 638; 135 NW2d 392 (1965).

The plaintiff seeks to recover survivors' loss benefits for the children. Such loss is defined in MCL 500.3108(1); MSA 24.13108(1) as:

"a survivor's loss which consists of a loss, after the date on which the deceased died, or contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses".

Defendants argue that survivors' loss benefits are dependent upon an economic loss which is sustained by the dependents as a result of the deceased's death. Defendants point out that the maternal grandparents continue to provide financial support and rent-free housing to Laurel Miller's three children. The defendants conclude from this fact that the three children have not sustained the requisite loss.

Defendants misinterpret the statute. The language of the statute indicates that a survivors' loss consists of "a loss * * * of *contributions* of tangible things of economic value * * * *from the deceased*". MCL 500.3108(1); MSA 24.13108(1) (emphasis added). The statute does not mention a set-off of contributions received from concerned relatives following the death of the insured. Under defendants' proposition, the children would be ineligible for survivors' loss benefits unless they became wards of the state, and then the insurance benefits would be offset by government benefits. See MCL 500.3109(1); MSA 24.13109(1); *O'Donnell v State Farm Mutual Automobile Ins Co*, 404 Mich 524; 273 NW2d 829 (1979). The Legislature could

not have intended such a harsh "zero-sum" proposition.

The actual issue before this Court is whether "contributions of tangible things of economic value * * * that dependents of the deceased * * * would have received for support * * * from the deceased" includes amounts loaned by family members to the deceased while she was unemployed to be used for the care and support of her children until she secured employment. The issue is a question of first impression in this state. In *Daniels v State Farm Mutual Automobile Ins Co,* 283 Pa Super 336; 423 A2d 1284; 12 ALR4th 968 (1980), the deceased had separated from his wife less than one month after the birth of their son, Robert. At the time of the fatal accident, the couple were in the final stage of obtaining a divorce. The deceased never supported the child. The precise issue before the court was whether the minor child should as a matter of law be considered dependent upon his father, and, therefore, entitled to survivors' loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act.

The Pennsylvania no-fault act defines survivors' loss as the "loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury". 40 Pa Cons Stat Ann § 1009.103 (Purdon). The court considered this statutory language in light of the parental duty of the deceased to support his child and the scope of recovery in an analogous situation under the wrongful death act. These considerations, together with the broad remedial purpose of the no-fault act, led the court to hold as follows:

"It may be that before his father's death, Robert was receiving less than he was entitled to. At most he will

now be more nearly in the position he should have been in all along. To deny him survivors' loss benefits because his father failed to support him would be to say that a parent's failure to fulfil the legal duty of child support should redound to the benefit of a no fault insurance carrier." 283 Pa Super 336, 341; 423 A2d 1287; 12 ALR4th 968, 972.

The *Daniels* court, therefore, went beyond the eligibility issue and held that the child should recover the survivors' loss benefits in light of the child's position or relationship with his father and the broad remedial purpose embodied within the no-fault act. We realize that the *Daniels* holding converts the language in the Pennsylvania statute from "would probably have received" to "should have received", but the policy and rationale still apply in the instant case because the children actually received some type of support from their mother. The question is whether the statute recognizes the type of support that Ms. Miller provided as a "contribution of tangible things of economic value". We find that it does.

The initial rule which must be kept in mind is that the focus of the analysis is upon the dependents; that is, whether the surviving dependents have suffered an economic loss which had been supplied by the deceased before the accident. See *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231; 293 NW2d 594 (1980). From this vantage point, Ms. Miller was more than a mere conduit through whom Mrs. McCollum supported the children. Rather, Ms. Miller received the loans and then exercised her independent judgment upon how these funds could best be used to support her children. She purchased food and clothing the children received. She paid for the children's school supplies and extracurricular activities.

Moreover, the defendants do not contest the true nature of the transactions between Mrs. McCollum and Ms. Miller; in fact, defendants admit that Ms. Miller agreed to repay the loans and back rent.

While the actual funds originated from Mrs. McCollum, the deceased had undertaken an obligation to repay these loans and use the funds to support her children. The children lost this guarantee of repayment security. The support that these minor children received sufficiently bore Ms. Miller's "signature" such that we conclude that the children received "contributions of tangible things of economic value" from the deceased. Defendants have said that they recognize "tangible things of economic value" could be based upon factors other than earned income. The children have suffered the loss of these contributions from their mother by virtue of the fatal automobile accident. Therefore, they are entitled to receive survivors' loss benefits.

To deny the children survivors' loss benefits because their mother supported them with intrafamily loans would be to say that a parent's failure to obtain employment and receive "take home wages" should redound to the benefit of a no-fault insurance carrier. See *Daniels, supra.* The notion of "contributions of tangible things of economic value" is greater than the notion of "income". See *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538; 302 NW2d 537 (1981), *reh den* 411 Mich 1154 (1981). An insurance carrier which receives its premiums from the funds of these intra-family loans should not be heard to complain that these loans make the dependents of the deceased ineligible for survivors' loss benefits.

Summary judgment is reversed and this matter is remanded to the trial court for entry of judgment in favor of plaintiff. Costs to be awarded to plaintiff.